562 S.W.2d 913 (1978)
In the Matter of P. A. C.
No. 8847.
Court of Civil Appeals of Texas, Amarillo.
February 21, 1978.
*914 Russell C. Busby, Amarillo, for appellant.
Kerry Knorpp, County Atty., Diana Dowd Ulrich, Asst. County Atty., Amarillo, for appellee.
ROBINSON, Chief Justice.
In this juvenile certification hearing the juvenile court waived its jurisdiction and transferred appellant to a district court for criminal proceedings. Appellant challenges, inter alia, the admissibility of her confession and certain affidavits, the legal and factual sufficiency of the evidence, and the failure to appoint a guardian ad litem. Affirmed.
*915 Appellant was 15 years old at the time of the alleged offense and 16 years old at the time of the hearing. The offense charged is the murder of a 74 year old man who died of multiple stab wounds. A police investigation of the murder showed that the deceased's automobile was missing. The automobile was found, burned, in Arkansas. Not long afterward appellant and four others, all suspects in the case, were apprehended on the Arkansas River where they were camping. The arrest was made shortly before midnight on September 14, 1976. An Arkansas police officer testified that appellant was given Miranda warnings by officers after the arrest. Her confession was signed at 6:25 a. m. on the morning of September 15, 1976. Accompanying her statement was a signed waiver of Miranda rights. Appellant was not taken before a magistrate until the following day, when officers from the Amarillo Police Department arrived in Arkansas. On September 16, 1976, at 5:50 p. m., appellant signed a second waiver of her constitutional rights, this time before a magistrate. The magistrate certified that appellant knowingly and voluntarily waived her rights, was competent to make a confession, and that the statement given by her the previous morning was valid and made without any form of coercion. Appellant and the other suspects were returned to Potter County, Texas.
The State of Texas filed a petition requesting the juvenile court to waive its original jurisdiction and transfer appellant to a district court for criminal proceedings. As required by Section 54.02(d), Tex.Family Code Ann., the juvenile court ordered and obtained diagnostic studies, a social evaluation, and full investigation of the child. At the certification hearing the State offered the testimony of the employee of the Potter County Juvenile Probation Department who prepared the social case history; five witnesses from the Amarillo Police Department, who testified concerning the investigation of the crime itself; one witness from the Pulaski County, Arkansas, Sheriff's Office who testified concerning the circumstances under which appellant made her written confession; and a psychiatrist and a clinical psychologist, who testified concerning appellant's sophistication and maturity. Appellant's confession and certain affidavits taken by police, which linked appellant to the crime, were admitted by the trial court for the limited purpose of determining whether there was evidence on which a grand jury could be expected to return an indictment. Appellant offered the testimony of a clinical psychologist and of an employee of the Department of Public Welfare. At the conclusion of the hearing the trial court granted the State's petition and transferred the child to the 181st District Court.
The child appeals, contending that the affidavits of witnesses were inadmissible hearsay. She further contends that her confession was inadmissible in the certification hearing because it was taken under circumstances which rendered it inadmissible in an adjudication hearing. See Tex. Family Code Ann. § 51.09.
We overrule each of these contentions. A juvenile certification hearing is not a trial on the merits. See B. L. C. v. State, 543 S.W.2d 151 (Tex.Civ.App.Houston [14th Dist.] 1976, writ ref'd n. r. e.). At the hearing the court does not consider guilt or innocence, but whether the juvenile's and society's best interest would be served by maintaining custody of the child in the juvenile system or by a transfer to a district court for trial as an adult. In the Matter of Honsaker, 539 S.W.2d 198, 201 (Tex.Civ.App.Dallas 1976, writ ref'd n. r. e.)
Tex.Family Code Ann. § 54.02(f) provides that in making the determination whether to waive its exclusive original jurisdiction, the juvenile court shall consider, among other matters, the following:
(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return an indictment;

*916 (4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.
Although appellant contends that the affidavits were hearsay, she concedes that the affidavits in question were admitted for the sole purpose of establishing that the statements had been made to the police and not for the purpose of proving the truth of any assertion in the statements. The statements, thus, could not be hearsay. In Matter of Honsaker, 539 S.W.2d at 201, the court stated:
Hearsay has been defined as: `Testimony in court, or written evidence of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value on the credibility of the out of court asserter.' McCormick on Evidence § 246, at 284 (1972). In Irving Lumber Co. v. Alltex Mortgage Co., 446 S.W.2d 64, 71 (Tex.Civ. App.Dallas 1969), affirmed 468 S.W.2d 341 (Tex.1971), we stated that written evidence of an out-of-court statement is not `hearsay' unless it is offered as proof of a fact asserted.
The affidavits were properly admitted because they were relevant to the question of whether there was evidence on which a grand jury might be expected to return an indictment. For the same reason, the purported confession given by the child was admissible. A grand jury is not required to follow the rules of evidence in determining whether to return an indictment. In the Matter of D. W. M., 556 S.W.2d 390, 392 (Tex.Civ.App.Waco 1977, no writ). Thus, it was not necessary for the trial judge to determine if the confession was admissible in a trial of guilt or innocence, before admitting it in the certification hearing.
Appellant contends that there is no evidence to support a finding by the trial court that the alleged offense was committed in an aggressive and premeditated manner. She contends that there is insufficient evidence to support a finding that she was of sufficient sophistication and maturity to be tried as an adult and a finding that there was evidence upon which a grand jury could be expected to return an indictment. Appellant also contends that the trial court abused its discretion by failing to find that there was a likelihood that appellant could be rehabilitated by use of the procedures, services and facilities available to the trial court.
In reviewing evidence points, the role of this court is clear:
The rule is well established in this State that an appellate court will not disturb the findings of the trier of the facts on conflicting evidence where there is some evidence to support such finding and verdict, unless such finding and verdict is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust.
* * * * * *
The trial court saw and heard the defendant and the witnesses, and had an opportunity to observe their appearance, conduct, and demeanor to evaluate the respective qualifications of the witnesses, and to pass on their credibility. This Court cannot substitute its opinion as to the credibility of the witnesses and the weight to be given their testimony for that of the trial court, as this is the sole province of the trier of the facts.
R. K. M. v. State, 535 S.W.2d 676, 680 (Tex.Civ.App.San Antonio 1976, no writ). In addition to other evidence, the juvenile court heard testimony on factors listed in § 54.02(f) from a psychiatrist, clinical psychologists, and juvenile case workers familiar with appellant. There was testimony that appellant had a normal I.Q. and good judgment, and that adequate rehabilitation of the child could probably not be provided by the juvenile system.
After considering the evidence in the light most favorable to the trial court's finding we conclude that there is evidence *917 that the crime was committed in an aggressive and premeditated manner. After considering all of the evidence including that which is unfavorable to the trial court's judgment as well as that which supports it, we do not find that the trial court abused its discretion in failing to find that there was a likelihood of the rehabilitation of appellant by the use of procedures, services, and facilities currently available to the juvenile court. Likewise we conclude that each of the challenged findings and the judgment are not so against the preponderance of the evidence as to be manifestly unjust.
Appellant contends that the court erred in failing to appoint a guardian ad litem for her when it became apparent that her natural mother had not been notified of the hearing. The provision for appointment of guardian ad litem is made in Tex. Family Code Ann. § 51.11. The relevant portion of § 51.11 states:
(a) If a child appears before the juvenile court without a parent or guardian, the court shall appoint a guardian ad litem to protect the interests of the child. The juvenile court need not appoint a guardian ad litem if a parent or guardian appears with the child.
(b) In any case in which it appears to the juvenile court that the child's parent or guardian is incapable or unwilling to make decisions in the best interest of the child with respect to proceedings under this title, the court may appoint a guardian ad litem to protect the interests of the child in the proceedings.
In the case before us, appellant's mother could not be found before the hearing and did not appear. Her father was present and seated at the counsel table. The State introduced an affidavit given by the father, which considered with other affidavits, tended to implicate appellant as a participant in the crime. However, an examination of the affidavit reveals nothing which would require the court to view the father's position as adverse to appellant or cause the court to believe that he was unwilling to make decisions in the best interest of the child. We do not find that the trial court erred in failing to appoint a guardian ad litem for appellant.
By her final point of error, appellant contends that § 54.02 Tex.Family Code Ann. is unconstitutional because it violates the due process clause and the equal protection clause of the United States Constitution. She cites no authority supporting this contention and we find none. The point of error is overruled.
We conclude that the juvenile court did not abuse its discretion by waiving its jurisdiction and transferring appellant to district court for criminal proceedings. Each of appellant's points of error is overruled.
The judgment of the trial court is affirmed.