581 S.W.2d 536 (1979)
G____ R____ L____, Appellant,
v.
STATE of Texas, Appellee.
No. 19900.
Court of Civil Appeals of Texas, Dallas.
May 3, 1979.
*537 Elizabeth Carlyle, David Carlock, Dallas, for appellant.
Henry M. Wade, Dist. Atty., Maridell J. Templeton, Asst. Dist. Atty., Dallas, for appellee.
Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.
STOREY, Justice.
This is an appeal from an order granting the state's motion for waiver of jurisdiction and discretionary transfer of appellant, G___ R___ L___, from a juvenile to a criminal district court. Appellant complains on appeal that the trial court erred in receiving into evidence portions of the social evaluation and investigative report and the testimony of FBI agent Rasmussen because these represent multiple hearsay. We hold that no error is shown in this respect. Furthermore, even if it was error, it would be harmless in view of other evidence in the record to support the court's findings. Accordingly, we affirm.
The facts are not disputed. Proceedings were commenced in juvenile court against appellant under a charge of aggravated robbery, and the state's motion to waive jurisdiction and transfer the case to criminal district court was granted. The evidence complained of is the following: (1) that portions of the social evaluation and investigative report are multiple hearsay because the probation officer who prepared the report relied on the uncorroborated written statement of an accomplice to a bank robbery taken by a third party; and (2) that the testimony of FBI agent Rasmussen, wherein he concluded that appellant should be tried as an adult, was based primarily upon this same affidavit and also constitutes multiple hearsay.
Tex.Family Code Ann. § 54.02(e) (Vernon 1973) provides in part: "At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses." Hence, the trial court correctly considered this hearsay evidence, as it was offered only to aid the court in performing its limited duty in this type proceeding, namely, the determination of whether appellant was able to be tried as an adult rather than to determine his guilt or innocence. The testimony may go beyond admissible hearsay contemplated by the statute in that the agent's testimony was based on the report of what the accomplice stated, but we must assume the trial court gave this evidence proper consideration and weighed its effect together with other evidence presented. This is especially true in light of other competent evidence to support the transfer order, such as the psychological *538 evaluation and diagnostic study wherein appellant related to Chief Psychologist Saleem Ateek that he had committed numerous bank and store robberies with an older group of associates.
Appellant contends that the admission of this evidence violated his constitutional right to confront and cross-examine his accusers. He urges that Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1965), imposes a constitutional requirement of fundamental fairness under the due process clause which prohibits the introduction of hearsay testimony in a discretionary transfer hearing before a juvenile court. Kent is not controlling here because this proceeding is not a determination of guilt. The purpose of section 54.02 is to insure the fundamental fairness required by due process in determining whether a child is to be tried as an adult; that is, the juvenile court is bound to consider and weigh all information concerning the accused's life and characteristics even though it may be in the nature of hearsay. The fact that section 54.02 gives the juvenile judge discretion to evaluate information of the present type does not violate due process requirements.
Appellant points to the fact that he had a steady job, thereby demonstrating his abilities to adjust and accept responsibilities of adult life. The facts of this case, however, conclusively show that appellant voluntarily chose to depart from that responsible adult life and instead to accept a life of crime because he committed the aggravated robbery while gainfully employed. Moreover, evidence of his ability to accept adult responsibility provides additional support for the trial court's determination that he should be tried as an adult.
Affirmed.