v.

The STATE of Texas, Appellee.

No. 8812.

Court of Civil Appeals of Texas, Texarkana.

Dec. 9, 1980.

Cynthia Bryant, Juvenile Public Defender, Austin, for appellant.

David M. Douglas, Asst. Dist. Atty., Austin, for appellee.

CORNELIUS, Chief Justice.

This is an appeal from an order of the 98th District Court of Travis County, sitting as Juvenile Court, waiving its juvenile jurisdiction and certifying J. D. P. for trial as an adult on a charge of murder.

Appellant was 16 at the time of the alleged offense on January 11, 1979. A hearing was held pursuant to Tex. Family Code Ann. § 54.02. A written statement made by appellant was admitted into evidence, in which he admitted shooting the victim, but asserted that it was in self defense after an altercation erupted following the victim's homosexual advances toward appellant. Appellant's version of the facts was controverted by written statements of two of his acquaintances, Tim McAdams and Cheryl Tullus. They stated essentially that they had both talked to appellant several days before the shooting, and that he made statements to the effect that he planned to lure the victim to his home and ambush him with a shotgun in order to get even with him for previously ransacking his house and for harassing him about homosexual activities. After a full hearing and investigation as required by Section 54.02 of the Family Code, the trial court found that because of the seriousness of the offense and the background of appellant, the welfare of the community required that appellant be tried as an adult in criminal proceedings.

Appellant's first two points of error contend that the trial court abused its discretion in allowing the State to reopen after it had closed its case, and introduce the personal testimony of Tim McAdams. The State rested with only the written statements of McAdams and Tullus having been introduced into evidence. Since those written statements would be hearsay if admitted for the truth of their content, the trial

court admitted them only for the purpose of showing the availability of that testimony for a grand jury on the question of whether an indictment would likely be presented. When the State closed its case the trial judge held a discussion with counsel in chambers where he suggested that the hearing should be reopened for the purpose of presenting the personal testimony of McAdams for its truth as bearing upon the question of premeditation, one of the factors which the trial court must consider under the provisions of Section 54.02(f). Upon motion of the State, the hearing was reopened and the testimony of McAdams was received. The trial court relied upon that testimony in its consideration of the question of premeditation.

■ We do not believe the trial court committed error. A hearing on the question of transfer to criminal court under Section 54.02 is not for the purpose of determining guilt or innocence; it is only for the purpose of determining if the welfare of the community would be best served by juvenile proceedings or by criminal proceedings. Such a hearing is not like the usual adversary proceeding. See *In re R. G. S.*, 575 S.W.2d 113 (Tex.Civ.App. Eastland 1978, writ ref'd n.r.e.), and authorities there cited. Its purpose is not to restrict or suppress relevant evidence, but to promote a full and thorough investigation into the background and circumstances of the child as well as of the alleged offense. Indeed, Section 54.02 itself mandates that the juvenile court shall conduct a "... full investigation of the child, his circumstances, and the circumstances of the alleged offense." In allowing the evidence on premeditation to be considered for its truth, the trial court was performing its duty rather than violating orderly procedure.

■ Appellant argues that the State failed to show diligence in support of its motion to reopen, because Mr. McAdams had been subpoenaed and was present at the hearing, but the State failed to call him as a witness prior to closing. We do not believe a showing of diligence was required in this situation. The purpose was to make available to the court all relevant information so that it could make the determination required by Section 54.02. We cannot agree that a reopening of the hearing to properly consider evidence which was relevant and available, conducted at a time when no delay or surprise was occasioned to either party, should be considered reversible error in a proceeding of this nature.

■ The other points of error assert that the trial court erred in taking personal notice of the adequacy of rehabilitation facilities for the minor and that, absent such personal notice, the finding that such facilities were inadequate is against the great weight and preponderance of the evidence. First, we note that the trial court is not required to make an affirmative finding on each of the considerations listed in Subsection (f) of Section 54.02. It is only required to consider each of those criteria in determining whether the seriousness of the offense and the background of the child require a transfer of the proceedings to criminal court. See *Matter of J. R. C.*, 551 S.W.2d 748 (Tex.Civ.App. Texarkana 1977, writ ref'd n.r.e.). In addition, we find that although the trial court stated in its order that it had personal knowledge of the facilities available for rehabilitation purposes, there was ample evidence apart from that personal knowledge to satisfy the requirements of Subsection (f)6 and support the trial court's findings. Laurie Shanblum, an employee of the Texas Youth Council, testified to the Council's programs available to juveniles, including individualized programs for each child which are aimed at rehabilitation. But she also testified that serious offenders are not given any special treatment other than a minimum one-year stay and that escapes from the Texas Youth Council facilities are ongoing problems. Appellant's past history indicated runaway behavior. Mr. Sukols, appellant's juvenile probation officer, prepared a diagnostic study, social evaluation and full investigation of appellant; and his recommendation was that appellant should be certified as an adult. Mr. Gustafson, a juvenile court probation officer, testified that there were

some job training resources available and that there were a lot of things that had not been tried in the juvenile area, but that he did not know whether they would apply to appellant. The trial court also considered the fact that the juvenile system would have only one year and two months within which to attempt a rehabilitation of appellant. Considering the testimony and all of the attendant circumstances, we cannot agree that the Court's finding is against the great weight and preponderance of the evidence. See *Thompson v. State*, 552 S.W.2d 618 (Tex.Civ.App. Austin 1977, no writ); *L. L. S. v. State*, 565 S.W.2d 252 (Tex.Civ.App. Dallas), *writ ref'd n.r.e. per curiam*, 569 S.W.2d 495 (Tex.1978); *Matter of P. A. C.*, 562 S.W.2d 913 (Tex.Civ.App. Amarillo 1978, no writ).

The judgment of the trial court is affirmed.