**David M. KIRKWOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00667–CV.**

Court of Appeals of Texas, Dallas.

Jan. 11, 1983.

Jerry A. Stewart, Dallas, for appellant.

Maridell Templeton, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and CARVER and FISH, JJ.

PER CURIAM.

Appellant, in three points of error, complains of an order of the juvenile court waiving jurisdiction over him and transferring him to the criminal district court to stand trial as an adult. We overrule appellant's points and affirm the order of the juvenile court.

*Point of Error One: Motion to Transfer Not Based on Information and Belief*

■ Appellant first urges that the juvenile court should have sustained his exception to the motion to transfer. The motion was defective, he contends, because it was not based on the prosecuting attorney's information and belief, a requirement he says is imposed by § 53.04 of the Texas Family Code.[1]

The motion in this case states in relevant part:

NOW COMES, HENRY WADE, District Attorney of Dallas County, Texas hereinafter styled Petitioner, upon information in his possession and after a complete diagnostic study, social evaluation and a full investigation of the child, his circumstances, and the circumstances of the alleged offenses, respectfully represents to the Court that because of the seriousness of the offenses, and the background of the child, the welfare of the community requires that the Juvenile Court waive jurisdiction and have [appellant] transferred to Criminal District Court for criminal proceedings.

Conceding that the motion is based on "information," appellant argues nevertheless that failure to plead both "information" and "belief" renders the motion fatally defective. We disagree with this contention.

The Corpus Christi Court of Appeals has recently ruled on this precise question. That court determined that although it would be the better practice to comply with the provisions of subsection (c), compliance is not required because subsection (c) does not contain mandatory language. *In re Darrin Keith Edwards,* 644 S.W.2d 815 (Tex.App.—Corpus Christi, Sept. 23, 1982). Similarly, subsection (a) utilizes the word "may" and, by like construction, is permissive rather than mandatory.

Even if § 54.02 is construed to require that the motion to transfer be made on information and belief, the motion in this case substantially complies with that requirement. The motion states that it is founded upon information in possession of the prosecuting attorney, including a diagnostic study, social evaluation, and full investigation of the juvenile. Based on this information, the prosecuting attorney "*represents* to the court that...the welfare of the community requires that the Juvenile Court waive jurisdiction" [emphasis added]. In our opinion, any distinction between an averment that a prosecuting attorney *believes* a statement to be true and an allegation that he *represents* it to be true is too fine to be significant under § 53.04. *See* State Bar of Texas Rules and Code of Professional Responsibility DR1–102(A)(4) and (5) (1971). Appellant's first point is overruled.

*Point of Error Two: Error in Continuing Hearing*

■ At the hearing on the motion to transfer, the State attempted to offer into

---

1. § 53.04. Court Petition; Answer
   (a) If the preliminary investigation, required by Section 53.01 of this code results in a determination that further proceedings are authorized and warranted, a petition for an adjudication or transfer hearing of a child alleged to have engaged in delinquent conduct or conduct indicating a need for supervi-

sion may be made as promptly as practicable by a prosecuting attorney who has knowledge of the facts alleged or is informed and believes that they are true.
       *       *       *       *       *       *
   (c) The petition may be on information and belief.
   Tex.Family Code Ann. (Vernon 1975).

evidence a psychological study. Appellant objected to the introduction of the study because it was performed five days before the court ordered the study. The court sustained appellant's objection but overruled his subsequent motion to dismiss the case. The court then recessed the hearing and ordered another diagnostic study.

Appellant now urges that the trial court erred in continuing the hearing after the State announced ready but failed in its proof. Section 54.02(d) requires that:

Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

Tex.Family Code Ann. (Vernon 1975). Under this statute, it was the court's rather than the State's, duty to obtain the study. Thus, the State did not fail in its proof.

Moreover, this court has previously held that a juvenile court does not err in considering a report of psychological evaluation and diagnostic study, prepared under the court's order, which was filed prior to commission of additional offenses for which the juvenile was being certified. *Shelton v. State*, No. 05-82-00020-CV (Tex.App.—Dallas, August 17, 1982). As a result, the juvenile court could properly have overruled appellant's objection to the psychological study at issue here.

■ The hearing was continued, however, because appellant's objection to the report offered was sustained. Appellant should not be permitted to complain about a delay for which he was responsible. *In re R.E.M. v. State*, 569 S.W.2d 613, 616 (Tex. Civ.App.—Waco 1978, writ ref'd n.r.e.). Appellant's second point is overruled.

*Point of Error Three: Improper Opinion Testimony*

■ Appellant complains that the trial court erred in allowing a police officer to give his opinion about whether a criminal, rather than a juvenile, proceeding would better serve the welfare of the community.

Appellant urges that because the police officer testified that he had no degrees in social work, psychology, or sociology or anything else that specifically qualified him to state what is good or bad for the community, he was incompetent to give such expert testimony.

The rules of evidence have traditionally been relaxed in proceedings concerning the welfare of children. *In re J.R.C.*, 551 S.W.2d 748, 752 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); *In re R.G.S.*, 575 S.W.2d 113, 116–19 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). A hearing on a motion to transfer is not like the usual adversary proceeding; its purpose is to determine, not guilt or innocence, but whether the welfare of the community would be best served by juvenile proceedings or criminal proceedings. *In re J.D.P. v. State*, 609 S.W.2d 868, 870 (Tex.Civ.App.—Texarkana 1980, no writ).

The officer testified that he had a bachelor's degree in political science and a graduate degree in liberal arts based on psychology, sociology, history, and media communication. With these qualifications, we cannot say that the officer's testimony would be of no value to the court in determining whether juvenile or criminal proceedings in this case would best serve the community. Appellant's third point of error is overruled.

Affirmed.