DD729 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00729-CV







In the Matter of D. D.








FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 94-022-J368, HONORABLE BURT CARNES, JUDGE PRESIDING







PER CURIAM



BACKGROUND



 This is an appeal from a juvenile court order waiving jurisdiction and transferring
appellant to district court for prosecution. See Tex. Fam. Code Ann. § 54.02 (West 1996). (1) The
petition accused appellant of two counts of unauthorized use of a motor vehicle and two counts
of aggravated kidnapping. On the State's motion, the juvenile court rendered an order of nonsuit
dismissing both unauthorized use counts and one of the aggravated kidnapping counts. The court
then waived its jurisdiction and transferred appellant to district court for trial on the remaining
kidnapping count.

 Appellant contends the juvenile court erred in granting the State's motion to dismiss
because it was untimely. He further contends that the juvenile court retained jurisdiction over the
three dismissed counts and could not lawfully transfer appellant to district court for trial on the
fourth count. Appellant also complains that the transfer order violated his right to due process. 
We will affirm the order of the juvenile court.

 

 

DISCUSSION



 By his first point of error, appellant complains that the juvenile court improperly
granted the State's motion for nonsuit because it was untimely. He also argues that the transfer
was ineffectual because a juvenile court may not retain jurisdiction as to some offenses and
transfer jurisdiction over others. We will first address appellant's question of timeliness.

 The State moved to dismiss three of the four counts against appellant after it had
rested at the waiver and transfer hearing. Appellant alleges that this motion came too late, that
it should have been made prior to the close of the State's case. Appellant relies on Texas Rule
of Civil Procedure 162 which provides, in pertinent part:



At any time before the plaintiff has introduced all of his evidence other than
rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall
be entered in the minutes. . . .


Any dismissal pursuant to this rule shall not prejudice the right of an adverse party
to be heard on a pending claim for affirmative relief. . . . 



Tex. R. Civ. P. 162; see Hyundai v. Alvarado, 892 S.W.2d 853, 854 (Tex. 1995); Aetna Casualty
& Sur. Co. v. Specia, 849 S.W.2d 805, 806 (Tex. 1993) (general rule that plaintiff has right to
nonsuit at any time until introduction of all evidence other than rebuttal evidence). The purpose
of rule 162 is to fix a definite time after which a party may not voluntarily dismiss or nonsuit the
cause of action. Plaintiff's right to nonsuit or dismiss is well recognized and subject to few
limitations. Hoodless v. Winter, 16 S.W. 427, 428 (Tex. 1891); 5 McDonald Texas Civil Practice
§§ 27.39-.41 (1992). It is appellant's specific assertion that because the State's motion was
untimely, it was erroneously granted.

 The Rules of Civil Procedure apply to precertification proceedings only as far as
practicable. See Tex. Fam. Code Ann. § 51.17 (West 1996); Brenan v. Court of Civil Appeals
14th District, 444 S.W.2d 290, 292 (Tex. 1968); In re M.R., 846 S.W.2d 97, 100 (Tex.
App.--Fort Worth, 1993, writ denied). Rule 162 contemplates nonsuit at anytime prior to the
closing of the plaintiff's evidence during a trial on the merits. In re R.G., 865 S.W.2d 504, 508
(Tex. App.--Corpus Christi 1993, no writ). A hearing on the State's petition for discretionary
transfer to criminal court is not a trial on the merits. Id.; In re D.W.L., 828 S.W.2d 520, 524-25
(Tex. App.--Houston [14th Dist.] 1992, no writ); In re J.D.P. v. State, 609 S.W.2d 868, 870
(Tex. Civ. App.--Dallas 1979, no writ); In re P.A.C., 562 S.W.2d 913, 915 (Tex. Civ.
App.--Amarillo 1978, no writ). In a transfer proceeding it is not the function of the trial court to
determine the juvenile's guilt or innocence of an alleged offense. In re I.B., 619 S.W.2d 584
(Tex. Civ. App.--Amarillo 1981, no writ). Instead, the sole purpose of the hearing is to determine
whether the juvenile's and society's best interest would be served by maintaining juvenile
jurisdiction over the child or by transferring the juvenile to the appropriate district court for adult
proceedings. In re Honsaker, 539 S.W.2d 198, 201 (Tex. Civ. App.--Dallas 1976, writ ref'd
n.r.e.). In making this determination, the court strives to promote a full and thorough
investigation of the background and circumstances of the child as well as of the alleged offense. 
See J.D.P., 609 S.W.2d at 870. Because the waiver and transfer proceeding was not a trial on
the merits, the juvenile court did not err in granting the State's motion to nonsuit.

 We now turn to appellant's assertion that the transfer of one count to the district
court was improper because the juvenile court retained jurisdiction over the other counts. 
Appellant correctly states that a juvenile court cannot both retain jurisdiction over one count in
a certification petition and waive jurisdiction as to others in the same petition. Tex. Fam. Code
Ann. § 54.02(g). If a juvenile court retains jurisdiction over any of the charges alleged in the
State's motion to transfer, the child is not subject to adult criminal prosecution for the offenses
alleged in the petition. Richardson v. State, 770 S.W.2d 797, 799 (Tex. Crim. App. 1989); See
also Mason v. State, 778 S.W.2d 487, 488 (Tex. Crim. App. 1989).

 In the present case, the juvenile court retained jurisdiction only over one of the
charges alleged in the petition to transfer; it dismissed the other three charges. The order of
nonsuit recites that "Counts One, Two, and Four of the State's Original Petition Requesting
Waiver of Jurisdiction and Transfer to Criminal Court . . . are hereby dismissed with prejudice." 
Moreover, the waiver of jurisdiction and order of transfer recites: "After conducting such full
investigation, . . . the court finds that the welfare of the community requires criminal proceedings,
and that this court should waive its exclusive, original jurisdiction of this cause as to the felony
offenses alleged in Count 3. . . ." 

 The juvenile court may adjudicate delinquency, dismiss charges pending in it
against a juvenile, or waive its jurisdiction in favor of prosecution as an adult in district court. 
In the instant case, the court waived its jurisdiction as to one of the charges and dismissed the
remaining charges. We hold that the juvenile court did not retain jurisdiction over the charges
dismissed. Therefore the transfer order was effective to transfer jurisdiction over the remaining
count to the district court. Appellant's first point of error is overruled.

 In a second and final point of error, appellant urges that his right to due process
in an adversarial system was violated by the juvenile court's order of transfer. Because a
proceeding on the State's motion for discretionary transfer is not a trial on the merits, we believe
that appellant's point is ill-founded. See In re G.R.L. v. State, 581 S.W.2d 536, 538 (Tex. Civ.
App.--Dallas 1979, no writ) (due process does not prohibit introduction of hearsay testimony in
discretionary transfer hearing before juvenile court). A State's petition requesting the juvenile
court to waive jurisdiction and transfer a case to the district court is addressed to the court's
discretion. In re M.I.L., 601 S.W.2d 175, 177 (Tex. Civ. App.--Corpus Christi 1980, no writ). 
Absent a showing of an abuse of discretion, the juvenile court's findings will not be disturbed. 
In re D.W.L., 828 S.W.2d at 525. We have considered whether the juvenile court acted without
reference to any guiding principles or whether the action of the court was arbitrary and
unreasonable as to amount to an abuse of discretion. We conclude that the juvenile court did not
abuse its discretion by transferring appellant to district court for criminal proceedings. 
Appellant's second point of error is overruled.



CONCLUSION


 The order of the juvenile court is affirmed.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: July 31, 1996

Do Not Publish
1. [1]  The 1996 amendments to this section are irrelevant to this appeal.



te, 609 S.W.2d 868, 870
(Tex. Civ. App.--Dallas 1979, no writ); In re P.A.C., 562 S.W.2d 913, 915 (Tex. Civ.
App.--Amarillo 1978, no writ). In a transfer proceeding it is not the function of the trial court to
determine the juvenile's guilt or innocence of an alleged offense. In re I.B., 619 S.W.2d 584
(Tex. Civ. App.--Amarillo 1981, no writ). Instead, the sole purpose of the hearing is to determine
whether the juvenile's and society's best interest would be served by maintaining juvenile
jurisdiction over the child or by transferring the juvenile to the appropriate district court for adult
proceedings. In re Honsaker, 539 S.W.2d 198, 201 (Tex. Civ. App.--Dallas 1976, writ ref'd
n.r.e.). In making this determination, the court strives to promote a full and thorough
investigation of the background and circumstances of the child as well as of the alleged offense. 
See J.D.P., 609 S.W.2d at 870. Because the waiver and transfer proceeding was not a trial on
the merits, the juvenile court did not err in granting the State's motion to nonsuit.

 We now turn to appellant's assertion that the transfer of one count to the district
court was improper because the juvenile court retained jurisdiction over the other counts. 
Appellant correctly states that a juvenile court cannot both retain jurisdiction over one count in
a certification petition and waive jurisdiction as to others in the same petition. Tex. Fam. Code
Ann. § 54.02(g). If a juvenile court retains jurisdiction over any of the charges alleged in the
State's motion to transfer, the child is not subject to adult criminal prosecution for the offenses
alleged in the petition. Richardson v. State, 770 S.W.2d 797, 799 (Tex. Crim. App. 1989); See
also Mason v. State, 778 S.W.2d 487, 488 (Tex. Crim. App. 1989).

 In the present case, the juvenile court retained jurisdiction only over one of the
charges alleged in the petition to transfer; it dismissed the other three charges. The order of
nonsuit recites that "Counts One, Two, and Four of the State's Original Petition Requesting
Waiver of Jurisdiction and Transfer to Criminal Court . . . are hereby dismissed with prejudice." 
Moreover, the waiver of jurisdiction and order of transfer recites: "After conducting such full
investigation, . . . the court finds that the welfare of the community requires criminal proceedings,
and that this court should waive its exclusive, original jurisdiction of this cause as to the felony
offenses alleged in Count 3. . . ." 

 The juvenile court may adjudicate delinquency, dismiss charges pending in it
against a juvenile, or waive its jurisdiction in favor of prosecution as an adult in district court. 
In the instant case, the court waived its jurisdiction as to one of the charges and dismissed the
remaining charges. We hold that the juvenile court did not retain jurisdiction over the charges
dismissed. Therefore the transfer order was effective to transfer jurisdiction over the remaining
count to the district court. Appellant's first point of error is overruled.

 In a second and final point of error, appellant urges that his right to due process
in an adversarial system was violated by the juvenile court's order of transfer. Because a
proceeding on the State's motion for discretionary transfer is not a trial on the merits, we believe
that appellant's point is ill-founded. See In re G.R.L. v. State, 581 S.W.2d 536, 538 (Tex. Civ.
App.--Dallas 1979, no writ) (due process does not prohibit introduction of hearsay testimony in
discretionary transfer hearing before juvenile court). A State's petition requesting the juvenile
court to waive jurisdiction and transfer a case to the district court is addressed to the court's
discretion. In re M.I.L., 601 S.W.2d 175, 177 (Tex. Civ. App.--Corpus Christi 1980, no writ). 
Absent a showing of an abuse of discretion, the juvenile court's findings will not be disturbed. 
In re D.W.L., 828 S.W.2d at 525. We have considered whether the juvenile court acted without
reference to any guiding principles or whether the action of the court was arbitrary and
unreasonable as to amount to an abuse of discretion. We conclude that the juveni