**In The Matter of P.S.G., A Minor.**

**No. 09–95–137 CV.**

Court of Appeals of Texas, Beaumont.

Submitted April 10, 1997.

Decided April 17, 1997.

---

J. Michael Askins, Don F. Richardson, Lufkin, for appellant.

Ed C. Jones, Angelina County Attorney, Lufkin, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from a dispositional hearing order. A jury found P.S.G. engaged in delinquent conduct, to-wit, aggravated sexual assault, and sentenced him to commitment to the Texas Youth Commission with transfer at age 18 to the Institutional Division of the Texas Department of Criminal Justice for 28 years. P.S.G. was born October 6, 1979. P.S.G.'s sole point of error contends:

> The trial court erred in failing to appoint a guardian ad litem for P.S.G. pursuant to Family Code § 51.11, even though neither P.S.G. nor his attorney at trial requested one, where P.S.G.'s mother, who was present at trial as his guardian, was also the mother and guardian of the victim of P.S.G.'s alleged sexual assault, because P.S.G.'s guardian's duty to make decisions in the best interest of P.S.G. with respect to the juvenile delinquency proceedings was in conflict with her duty to represent the interests of the child victim (her daughter and P.S.G.'s sister, hereinafter called "C.M.G."). Because the interests of P.S.G. as juvenile respondent at trial, and the interests of C.M.G. as child victim, were clearly divergent, P.S.G's mother could not fully represent the interests of both children without conflict, and could not fully render friendly support and guidance to P.S.G., and a guardian ad litem should have been appointed to represent the interest of P.S.G. at trial.

P.S.G.'s mother S.B. attended his trial, and was called by the defense as a witness on P.S.G.'s behalf during the disposition phase of the trial. P.S.G. admits this issue was not raised in the court below, but contends S.B.'s adverse interest should have been apparent to the court. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context, and

obtained a ruling thereon. TEX.R.APP.P. 52(a). Although juvenile delinquency procedures are civil in nature, because they may result in the child being deprived of liberty there are certain constitutional due process protections to which the juvenile is entitled as in a criminal trial. *Matter of J.R.R.,* 696 S.W.2d 382, 383 (Tex.1985). Thus, in *Matter of I.G.,* 727 S.W.2d 96, 99 (Tex.App.—San Antonio 1987, no writ), the San Antonio Court of Appeals held the trial court's failure to admonish the appellant on the consequences of his guilty plea constitutes fundamental error which may be raised for the first time on appeal. We must determine whether the error raised in this appeal must be preserved at trial.

■ Appellant notes the trial court must appoint a guardian if the juvenile appears in court without a parent or guardian. TEX. FAM.CODE.ANN. § 51.11(a) (Vernon 1996). The cases he cites concerned this mandatory provision. *Flynn v. State,* 707 S.W.2d 87, 89 (Tex.Crim.App.1986); *Matter of A.G.G.,* 860 S.W.2d 160 (Tex.App.—Dallas 1993, no writ). A different section of the statute applies in this case because appellant's mother did appear in court with him. If it appears to the juvenile court that the parent is incapable or unwilling to make decisions in the best interest of the juvenile, the court *may* appoint a guardian ad litem. TEX.FAM.CODE.ANN. § 51.11(b) (Vernon 1996). This decision rests in the sound discretion of the trial court. We find nothing in the statute, as applied in this case, which would lead us to conclude the trial court's failure to *sua sponte* appoint a guardian ad litem other than S.B. deprived appellant of fundamental due process.

■ Appellant contends that Rule 173 of the Texas Rules of Civil Procedure mandated appointment of a guardian ad litem in place of S.B. The Rules of Civil Procedure govern juvenile delinquency proceedings except when in conflict with the Juvenile Justice Code. TEX.FAM.CODE ANN. § 51.17 (Vernon 1996). Family Code Section 51.11 established a simple judicial procedure in which the parties are assured a fair hearing in recognition of their constitutional rights. TEX.FAM.CODE ANN. § 51.01(6) (Vernon 1996). We hold Rule 173 does not apply to proceedings conducted under Chapter 51 of the Family Code.

■ Appointment of a person other than S.B. to act as P.S.G.'s guardian ad litem was a matter within the discretion of the trial court. S.B. appeared in court with her son and testified on his behalf. The circumstances in which this family was embroiled, difficult as they must have been for S.B., do not cause us to assume without inquiry that she could not render friendly support and guidance in these proceedings. There being no objection to the proceedings below, no error was preserved for review on appeal. We overrule the point of error and affirm the trial court's judgment.

AFFIRMED.