

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00055-CV

_____

IN THE MATTER OF S.A.

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 10-CJV-14

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In the first five months of 2014, fifteen-year-old Sandra[1] had, let's say, a tumultuous relationship with her sixty-five-year-old father, marked by three documented instances in which Sandra assaulted or injured him. The first two instances[2] resulted in Sandra's probation; the last[3] in Sandra's adjudication for injury to an elderly person and her commitment to the Texas Juvenile Justice Department. Appealing the last adjudication, Sandra complains that she was not appointed a guardian ad litem at her hearing and that the trial court failed to admonish her that she had the right to confront witnesses. We affirm the trial court because (1) there was no error in not appointing a guardian ad litem and (2) no error was preserved regarding the lack of an admonishment concerning confrontation.

*(1)    There Was No Error in Not Appointing a Guardian ad Litem*

At Sandra's June 12, 2014, hearing, Sandra's mother appeared at trial, sat at the counsel table with Sandra, and was ultimately called as a witness by the State. Sandra's mother's testimony generally confirmed the testimony of Sandra's father—that Sandra had assaulted him

---

[1]To protect the minor appellant's identity, we will refer to her with the fictitious name "Sandra." *See* TEX. R. APP. P. 9.8(a), (c).

[2]The first assault occurred February 10, 2014, resulting in an adjudication for assault causing bodily injury to a family member. During Sandra's resulting probation, in a span of three months, she assaulted her father twice more, the last resulting in the adjudication made the subject of this appeal. A Lamar County jury returned an answer of "true," and after a disposition hearing, Sandra was committed to the Texas Juvenile Justice Department for an indeterminate period of time.

[3]The final confrontation occurred the afternoon of May 10, 2014. That afternoon, Sandra was listening to music on a cellular telephone while she sunbathed outside her home. Wanting to hear different music, Sandra went inside to download more music from the computer. Since the conditions of Sandra's existing probation forbad her to use the computer, her father sought to stop her. Her father, who had broken his foot several days before, stumbled as he tried to get between Sandra and the computer. As he sought to stop her, he grabbed the base of the back of her neck. At about the same time, Sandra stomped his broken foot, which was in a cast, on top and at the ankle, and kicked his shin. Her mother then restrained her as her father tried to get out of the door. As she was being restrained, she slung her telephone with its charger, and it struck and cut her father's arm.

on the occasion in question. On appeal, Sandra complains that the trial court did not appoint a guardian ad litem because her mother was incapable of making decisions in her best interest. Sandra asserts that her mother had an inherent conflict of interest because she was the victim's wife, a witness to the incident, and a key witness for the State. At the hearing below, Sandra did not ask for a guardian ad litem to be appointed or point to any conflict of interest her mother may have had. Nevertheless, Sandra maintains that the right to a guardian ad litem is a "waivable only" right and that the right to a guardian ad litem is on par with the right to counsel. She cites no authority, however, and we have found none, that has so held when a parent is present at the hearing.

> In any case in which it appears to the juvenile court that the child's parent or guardian is incapable or unwilling to make decisions in the best interest of the child with respect to proceedings under this title, the court *may* appoint a guardian ad litem to protect the interests of the child in the proceedings.

TEX. FAM. CODE ANN. § 51.11(b) (West 2014) (emphasis added). When a parent is present at the hearing, the appointment of a guardian ad litem is in the sound discretion of the trial court. *In the Matter of P.S.G.*, 942 S.W.2d 227, 229 (Tex. App.—Beaumont 1997, no writ). In *P.S.G.*, P.S.G.'s mother was present at trial and was called as a witness on behalf of her son. Nevertheless, P.S.G. asserted that since she was the mother of the alleged victim, she had an inherent conflict of interest and was therefore incapable of acting in P.S.G.'s best interest and rendering friendly support and guidance. *Id.* at 228. Since, under the statute, the decision to appoint a guardian ad litem is discretionary, the court of appeals found nothing in the statute to support the contention that the trial court's failure to *sua sponte* appoint a guardian ad litem

3

deprived P.S.G. of any fundamental right. *Id.* at 229. Further, the court refused to assume, without evidence, that P.S.G.'s mother could not render the necessary support and guidance. *Id.*[4]

While acknowledging that Texas courts have not found error when a trial court does not *sua sponte* appoint a guardian ad litem, Sandra asserts that none have involved a parent who was closely related to the victim and testified on behalf of the State. Several cases, however, have involved parents who have been present at trial and gave testimony adverse to the juvenile. *In the Matter of P.A.C.* concerned the father of the juvenile who was present and seated at the counsel table with his daughter at her certification hearing. The State introduced the affidavit of the father, which, along with other documents, tended to implicate his daughter in the alleged crime. *In the Matter of P.A.C.*, 562 S.W.2d 913, 917 (Tex. Civ. App.—Amarillo 1978, no writ). Finding nothing in the affidavit or record to indicate the father's lack of willingness to make decisions in the best interest of his daughter or his adversary position, the court of appeals found the trial court had not erred in failing to appoint a guardian ad litem. *Id.* In two cases the San Antonio court of appeals has also found no error when a parent testified adverse to the juvenile, but there was nothing in the record to show that the parent was incapable of making or unwilling to make decisions in the best interest of the juvenile. *In re J.W.M.D.*, No. 04-08-00908-CV, 2009 WL 2878111 (Tex. App.—San Antonio Sept. 9, 2009, no pet.) (mem. op., not designated for publication); *In re L.A.P.*, No. 04-07-00143-CV, 2008 WL 312704 (Tex. App.—San Antonio Feb. 6, 2008, no pet.) (mem. op.). In *L.A.P.*, the fifteen-year-old juvenile was charged with two counts of assault causing bodily injury to her father. *L.A.P.*, 2008 WL 312704, at *1. Both her

---

[4]The court of appeals went on to hold that P.S.G., by failing to object at the hearing below, had not preserved his error. *Id.*; *see* TEX. R. APP. P. 33.1(a). We also doubt that Sandra preserved error in this case.

4

father and mother testified against allowing L.A.P. to serve probation in the home because they feared for their own and her safety based on L.A.P.'s gang affiliation and threats she had made against her father. *Id.* at *1–2. The court of appeals held that, since (1) the father was present at the adjudication and disposition hearing and both parents were present at the continuation and (2) there was nothing in the record to suggest that the parents were incapable or unwilling to make decisions in L.A.P's best interest, the trial court had not abused its discretion in not appointing a guardian ad litem. *Id.* at *4.

In this case, Sandra's mother testified at the hearing, and her testimony confirmed the testimony of her husband, which had been placed in question by the vigorous cross-examination of Sandra's trial counsel. There is nothing in the record, however, to suggest that her mother was incapable or unwilling to make decisions in Sandra's best interest. Further, at no time did Sandra request that a guardian ad litem be appointed. Nor did she claim to the trial court that her mother was not giving her friendly support and guidance or that she was incapable of making or unwilling to make decisions in her best interest.[5] Under these facts, we find that the trial court did not abuse its discretion in failing to *sua sponte* appoint a guardian ad litem. We overrule this point of error.

---

[5]Sandra also asserts that additional harm caused by the trial court not appointing a guardian ad litem "is . . . that [her] counsel would have been unable to invoke 'the rule' excluding witnesses from the courtroom." *See* TEX. R. EVID. 614. Sandra's counsel, however, invoked this rule before any testimony and, although the State had identified her mother as a witness before trial began, did not object to her remaining in the courtroom, nor did she object when her mother was eventually called as a witness by the State.

5

*(2)    No Error Was Preserved Regarding the Lack of an Admonishment Concerning Confrontation*

Sandra also complains that the trial court did not admonish her regarding her right to confront witnesses. Sandra is correct in asserting that the trial court had a duty to admonish her regarding her right to confront witnesses. The trial court is obligated, at the beginning of the hearing, to explain to the child and her parent, *inter alia*, "the child's right . . . to confrontation of witnesses." TEX. FAM. CODE ANN. § 54.03(b)(4) (West 2014). The failure of a trial court to give any of the admonishments in Section 54.03 is error. *See In re C.O.S.*, 988 S.W.2d 760, 763 (Tex. 1999). To preserve the error for appeal, however, "the failure of the court to provide the child the explanation required by Subsection (b), the attorney for the child must comply with Rule 33.1, Texas Rules of Appellate Procedure, *before testimony begins* . . . ." TEX. FAM. CODE ANN. § 54.03(i) (West 2014) (emphasis added); *In re M.D.T.*, 153 S.W.3d 285, 288–89 (Tex. App.—El Paso 2004, no pet.). Rule 33.1 of the Texas Rules of Appellate Procedure requires a "timely request, objection, or motion" be made to the trial court that

> (A) states the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;

TEX. R. APP. P. 33.1(a)(1)(A). Neither Sandra nor her trial counsel complained about any deficiency in the statutory admonishments before testimony began.[6] Thus, we hold that Sandra failed to preserve any error related to the failure of the trial court to admonish her on her right to confront witnesses.

---

[6]Sandra asserts that the court's failure to admonish her was fundamental error and impliedly argues that no objection was necessary to preserve her complaint for appeal. However, Sandra relies on authority that predates the 1997 amendment to Section 54.03(i), which became effective September 1, 1997, and requires an objection to preserve error for appellate review. TEX. FAM. CODE ANN. § 54.03(i).

We affirm the judgment of the trial court.


                                                         Josh R. Morriss III
                                                         Chief Justice

Date Submitted:      November 7, 2014
Date Decided:        December 31, 2014