**Joe Hernandez FLYNN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 485–84.**

Court of Criminal Appeals of Texas, En Banc.

April 9, 1986.

Dan Sullivan (court-appointed), Andrews, for appellant.

William Michael Holmes, Dist. Atty. & J. Anthony Foster, Jr., Asst. Dist. Atty., Odessa, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of murder. The jury assessed his punishment at forty years imprisonment. The El Paso Court of Appeals affirmed the conviction. *Flynn v. State*, 667 S.W.2d 235 (Tex.App.—El Paso 1984). We granted review to determine whether use of the doctrine of equitable adoption by the court of appeals was proper in this case.

Appellant was fifteen years old at the time of the offense. A certification hearing was held in juvenile court, after which that court waived its jurisdiction and appellant was tried as an adult in the district court. V.T.C.A., Family Code, § 54.02. In a pretrial motion to quash the indictment defense counsel asserted that the cause should be remanded for a new certification hearing because the juvenile court had failed to appoint a guardian ad litem for appellant in the certification hearing. The motion was denied.

Section 51.11(a) of the Family Code provides:

"If a child appears before the juvenile court without a parent or guardian, the court shall appoint a guardian ad litem to protect the interests of the child. The juvenile court need not appoint a guardian ad litem if a parent or guardian appears with the child."

Appellant was accompanied at his certification hearing by Mrs. Placida Tenorio, who also testified. Mrs. Tenorio was not appellant's natural mother. She was his aunt, the sister of his natural mother. Mrs. Tenorio had, however, raised appellant from the time he was three days old, had treated him as her own son in every respect, and appellant thought of her as his mother. The evidence is conflicting as to whether Mrs. Tenorio represented to the juvenile authorities and the juvenile court that she had formally adopted appellant. The evidence *is* clear that she had not done so, nor had she ever been appointed his guardian. The juvenile court was given notice that Mrs. Tenorio was not the natural mother of appellant, by the investigation report filed in that court by the Ector County Juvenile Probation Department. The report was filed December 29, 1981, well before the order waiving jurisdiction signed by the judge March 15, 1982.

"Parent" is defined in the Family Code, § 51.02(2), as: "the mother, the father whether or not the child is legitimate, or an adoptive parent..." Mrs. Tenorio had never adopted appellant. So, in the strict terms of § 51.11, appellant was not accompanied by a parent or guardian when he appeared before the juvenile court, and a guardian ad litem should have been appointed for him.

The court of appeals applied the doctrine of equitable adoption or adoption by estoppel to hold that Mrs. Tenorio was the parent of appellant for the purpose of the statute. Adoption by estoppel is applied in cases of intestate succession in which the deceased has raised a child as his own pursuant to an agreement to adopt that was never performed. *Cavanaugh v. Davis*, 235 S.W.2d 972 (Tex.1951). In such instances the child will be allowed to inherit just as if the adoption had been formally accomplished. The other heirs will be estopped to deny that the child was the adopted child of the deceased. *Heien v. Crabtree*, 369 S.W.2d 28 (Tex.1963).

In *Heien*, supra, the Texas Supreme Court held firmly that this equitable doctrine is to be applied in only a narrowly circumscribed set of facts:

"The descriptive phrases, 'equitable adoption,' 'adoption by estoppel,' and 'adoptive status,' are used in decided cases strictly as a shorthand method of saying that because of the promises, acts and conduct of an intestate deceased, those claiming under and through him are estopped to assert that a child was not legally adopted or did not occupy the status of an adopted child. [citation omitted] Analysis of the cited cases makes clear that we did not intend to hold, and did not hold, that 'equitable adoption' or 'adoption by estoppel' is the same as legal adoption or that it has all of the legal consequences of a statutory adoption."

369 S.W.2d at 30.

■▬▬▬ From its beginnings the doctrine of adoption by estoppel has been used only "to preclude adoptive parents and their privies" from asserting that the child seeking to inherit was not the adopted child of the deceased. *Jones v. Guy*, 135 Tex. 398, 143 S.W.2d 906 (1940). See *Pope v. First National Bank in Dallas*, 658 S.W.2d 764, 765 (Tex.App.—Dallas 1983): "... adoption by estoppel prevents only the adoptive parent and those in privity with him from denying the adoption." It may not be used to preclude the child himself from asserting that he is not the adopted child of his custodian. We hold that the doctrine of adoption by estoppel was inapplicable to the instant case.

The State contends that a future juvenile will be able to use this holding to avoid certification to be tried as an adult by supplying an endless string of false parents at his certification hearing and later objecting in district court that he was unaccompanied by a parent at the hearing.

Such an attempt would be easily thwarted. The simplest procedure in this case, where the juvenile court was aware via the investigation report that the "parent" accompanying appellant was not his natural mother, and there was some question whether she had formally adopted him, would have been for the court to appoint her guardian ad litem of appellant for purposes of the certification hearing. It was error not to do so.

In the circumstances of this case, however, we find the error to have been harmless. Commentary to § 51.11 of the Family Code reasons that

> "A basic principle of this code is that every child who appears before a juvenile court must have the assistance of some friendly, competent adult who can supply the child with support and guidance."

5 Tex.Tech L.R. 529 (1974). In the instant case appellant was accompanied at the certification hearing by the woman who had raised him all his life and whom he thought of as his mother. No one was more likely to render him friendly support and guidance. Mrs. Tenorio should have been appointed appellant's guardian ad litem, but even without court order she served in essentially that capacity. We find that the spirit, if not the letter of the statute was met and the error complained of therefore harmless.

The judgments of the court of appeals and the trial court are affirmed.

MILLER, J., concurs in result.