**In re M.L.P.J. a/k/a J.S.B., a child.**

No. 11–98–00121–CV.

Court of Appeals of Texas,
Eastland.

Jan. 27, 2000.

Craig S. Michalk, Law Office of Craig S. Michalk, Hurst, for appellant.

Don R. Stewart, Arlington, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

JIM R. WRIGHT, Justice.

This is an appeal from the trial court's ruling that appellant pay child support and provide health insurance for M.L.P.J. a/k/a J.S.B. (the child) based on the finding that appellant had equitably adopted the child. We modify and affirm.

The child was born on June 14, 1987. When she was approximately three months old, the child's natural mother asked appellee to adopt the child. The child moved into the home of appellee and appellee's boyfriend, appellant,[1] in September 1987 and lived there until appellant's home was repossessed in September 1988. Appellee and the child did not live with appellant from September 1988 to May 1990, at which time they began living together again. Appellant and appellee did not formally adopt the child because appellant was on a ten-year criminal probation for selling drugs and because they were afraid that she would be taken from them. Appellant treated the child as his daughter from the time she was placed with him in 1987 until after appellant and appellee divorced in 1997. About seven months after the divorce was filed, appellant stopped having visitation with the child. The trial

court found that appellant had equitably adopted the child and ordered that he pay child support and provide health insurance for her.

Appellant presents four issues on appeal. In his first issue, appellant maintains that the trial court erred in applying the doctrine of equitable adoption to a case which is governed by the Texas Family Code. We agree.

The doctrine of equitable adoption has long been recognized by courts within the probate area. While the Probate Code defines "child" as including an "adopted child, whether adopted by any existing or former statutory procedure *or by acts of estoppel*," the Family Code does not contain a similar provision. (Emphasis added) TEX. PROB. CODE ANN. § 3(b) (Vernon Supp.2000). The Texas Family Code provides a means of formal adoption; and TEX. HEALTH & SAFETY CODE ANN. § 192.007 (Vernon 1992) provides for the limited exception that, should an attempted formal adoption fail because the child dies before the adoption is finalized, the State registrar may file supplementary birth and death certificates for the child.

In *Heien v. Crabtree*, 369 S.W.2d 28, 30 (Tex.1963), the issue was whether the legal status of parent and child is created when parties assume and live in a relationship of parent and child pursuant to an unperformed agreement to adopt the child. The court held that a legal status of parent and child is not created in such a circumstance. Therefore, the adoptive parents were not allowed to inherit from their equitably-adopted child. Because the adopted child made no promises upon which to assert estoppel, equitable adoption applies only in favor of the child. *Heien v. Crabtree*, supra at 30–31.

In *Flynn v. State*, 667 S.W.2d 235 (Tex. App.—El Paso 1984), *aff'd on other grounds*, 707 S.W.2d 87 (Tex.Cr.App.1986), the court of appeals extended the applica-

---

1. Although she had been living with appellant, appellee was still married to Russell Blandin. Appellant and appellee were formally married in August 1990.

tion of equitable adoption to a case outside the Probate Code. In that case, the defendant had been certified as an adult and convicted of murder. The State served the defendant's aunt with notice of the certification hearing and alleged that she was the defendant's mother. The defendant had lived with his aunt from his third day of life until he was 15. The defendant was treated like her son by the entire family even though she had never formally adopted him. After waiver of juvenile court jurisdiction and indictment but prior to the trial in district court, the defendant moved to quash the indictment contending that the State had notified his aunt, not his natural mother. The defendant argued that the trial court should have granted his motion to quash the indictment because the juvenile court failed to appoint a guardian ad litem in the absence of the defendant's parent or legal guardian. TEX. FAM. CODE ANN. § 51.11 (Vernon 1996). The court of appeals stated that the evidence was sufficient to establish a parental relationship under the doctrine of adoption by estoppel despite the acknowledged lack of formal adoption proceedings. Therefore, Section 51.11 was satisfied without the appointment of a guardian ad litem.

On appeal to the Court of Criminal Appeals, the court held that it was error to apply the doctrine of equitable adoption. *Flynn v. State*, 707 S.W.2d at 87. The court noted that " 'Parent' is defined in the Family Code § 51.02(2), [former] as: 'the mother, the father whether or not the child is legitimate, or an adoptive parent.' "[2] Since the aunt had never adopted the defendant, the court acknowledged that:

> [I]n the strict terms of § 51.11, appellant was not accompanied by a parent or guardian when he appeared before the juvenile court, and a guardian ad litem should have been appointed for him.

*Flynn v. State*, 707 S.W.2d at 88. The court went on to state that the Texas Supreme Court in *Heien* held firmly that this equitable doctrine is to be applied in only a narrowly circumscribed set of facts:

> The descriptive phrases, "equitable adoption," "adoption by estoppel," and "adoptive status," are used in decided cases strictly as a shorthand method of saying that because of the promises, acts and conduct of the intestate deceased, those claiming under and through him are estopped to assert that a child was not legally adopted or did not occupy the status of an adopted child. Analysis of the cited cases makes clear that we did not intend to hold, and did not hold, that "equitable adoption" or "adoption by estoppel" is the same as legal adoption or that it has all of the legal consequences of a statutory adoption. (Citation omitted)

*Heien v. Crabtree,* supra at 30.

In *T.W.E. v. K.M.E.*, 828 S.W.2d 806 (Tex.App.—San Antonio 1992, no writ), T.W.E. attempted to obtain custody of a child which was born to K.M.E. during their marriage. Blood tests and other evidence proved that T.W.E. was not the actual father of the child. T.W.E. sought to obtain appointment as managing conservator by virtue of the doctrine of estoppel. While it declined to apply the doctrine to a custody situation, the San Antonio Court of Appeals discussed the possible inequity which could result from non-application of the doctrine. We agree with the concerns set forth by the San Antonio Court and also agree with its decision that "equitable adoption in Texas does not create the legal status of parent and child in these circumstances." *T.W.E. v. K.M.E., su*pra at 809.

From its beginnings, the doctrine of adoption by estoppel has been used only "to preclude adoptive parents and their privies" from asserting that the child seeking to inherit was not the adopted child of the deceased. *Flynn v. State*, 707 S.W.2d at 88; see also *Jones v. Guy*, 135 Tex. 398, 143 S.W.2d 906 (1940); *Pope v. First National Bank in Dallas*, 658 S.W.2d 764, 765

2. See now TEX. FAM. CODE ANN. § 101.024 (Vernon Supp.2000).

(Tex.App.—Dallas 1983, no writ). Although it found the error to be harmless, the Court of Criminal Appeals held that it was error to apply the doctrine.

 Similarly, in the case before us, we are asked to extend the doctrine of equitable adoption into an area governed by the Family Code. TEX. FAM. CODE ANN. § 154.001(a) (Vernon Supp.2000) authorizes a court to order "either or both parents" to support a child in the manner specified in the order. Section 101.024 defines a "Parent" as:

> [T]he mother, a man presumed to be the biological father, a man legally determined to be the biological father, a man who has been adjudicated to be the biological father by a court of competent jurisdiction, or an adoptive mother or father.

We hold that the doctrine of equitable adoption is inapplicable to this case. Therefore, as in *Flynn v. State,* 707 S.W.2d at 87, appellant does not fit the strict definition of "Parent" within the Family Code because he did not formally adopt the child. The trial court erred in ordering appellant to pay child support and to provide health insurance for the child. Appellant's first issue is sustained.

In light of our ruling in connection with appellant's first issue on appeal, we need not consider his other issues.

The judgment of the trial court is modified to delete all findings and orders predicated upon the determination that M.L.P.J. a/k/a J.S.B. was equitably adopted by appellant, including, but not limited to, the provisions that appellant pay child support and provide health insurance.[3] As modified, the judgment of the trial court is affirmed.

---

3. We express no opinion as to whether these facts would support a finding of equitable adoption outside of the context of the Texas Family Code.