**Ex parte Joe Bill BONE.**

**No. 10–99–358–CR.**

Court of Appeals of Texas, Waco.

July 19, 2000.

Joe Bill Bone, Beeville, for appellant.

Bill Moore, County Atty., Stuart M. Madison, Asst. County Atty., Cleburne, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Joe Bill Bone appeals from the denial of his application for a writ of habeas corpus in which he sought to set aside a 1991 misdemeanor driving while intoxicated conviction. Bone contends that the conviction is void because he was sentenced to serve more time in the county jail than allowed by the statute governing the offense. We will affirm the court's denial of Bone's application because he was not "confined" on the misdemeanor charge when he filed his application and because the sentence he received was within the range of punishment applicable to his offense.

In December 1991, Bone pled guilty to his first DWI offense and the court assessed punishment of 180 days in the county jail, probated for two years. Bone violated the terms and conditions of his probation in early 1993, so the court revoked his probation and imposed punishment of "209 days credit for time served."

In February 1997, Bone was charged with another driving while intoxicated offense. This offense was enhanced by three prior DWI's, including the December 1991 conviction, elevating the offense to a third degree felony. Tex. Pen.Code Ann. § 49.09(b) (Vernon Supp.2000). According to Bone's application for a writ of habeas corpus, he was convicted of this felony DWI and is currently serving an undisclosed sentence in the Texas Department of Criminal Justice—Institutional Division.

■ Bone attacked the December 1991 DWI before the trial court on the theory that the conviction was void because the sentence was illegal, being greater than the maximum allowed by the statute. Bone claims that the maximum allowable punishment for a first DWI offense in 1991 was 180 days in the county jail and/or a $2,000 fine. He argued that because he had already served the illegal sentence in its entirety he was entitled to have the conviction itself set aside by the writ of habeas corpus. Bone explicitly relied upon article 11.09 of the Code of Criminal Procedure in seeking relief. That article provides:

Art. 11.09. Applicant charged with misdemeanor

If a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the county judge whose residence is nearest to the courthouse of the county in which the applicant is held in custody.

Tex.Code Crim. Proc. Ann. art. 11.09 (Vernon 1977).

■ "[A]n application for habeas corpus relief will not lie under article 11.09 unless the applicant is 'confined' pursuant to a commitment for a misdemeanor conviction." *Ex parte Oyedo,* 939 S.W.2d 785, 786 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd). Bone affirmatively pled that he had fully served the punishment assessed under the 1991 DWI conviction. Thus, he is not being "confined on a charge of misdemeanor" for that DWI. *See* Tex. Code Crim. Proc. Ann. art. 11.09; *Ex parte Oyedo,* 939 S.W.2d at 786. Because he is

not "confined" on the misdemeanor charge which he seeks to set aside, Bone cannot show himself entitled to an article 11.09 writ of habeas corpus and the trial court properly denied his application.

■ Even if Bone could bring a writ of habeas corpus to attack this conviction at this stage, the trial court correctly rejected his complaint because the sentence assessed was within the statutory range at the time that the offense was committed and at the time that the punishment was assessed. In December 1991, the punishment for a first time DWI was set out in subsection (c) of article 6701*l*-1 of the Revised Civil Statutes, which provided:

> (c) Except as provided by Subsections (d), (e), and (f)[ [1] ] of this article, an offense under this article is punishable by:
>
> (1) a fine of not less than $100 or more than $2,000; and
>
> (2) confinement in jail for a term of not less than 72 hours or more than two years.

Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574–75, *repealed by* Act of May 29, 1993, 73rd Leg., R.S., Ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704 *and* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 63, 1995 Tex. Gen. Laws 2734, 2755 (current version at Tex. Pen.Code Ann. § 49.04 (Vernon Supp. 2000)).[2] Thus, the original sentence of "209 days credit for time served" was within the range of punishment for a first time DWI offense in 1991 and the trial court was correct to deny his application for this reason as well.

■■ In *Ex parte Oyedo*, the Houston Court of Appeals dismissed Oyedo's appeal of an 11.09 application for want of jurisdiction after determining that he could not

show that he was confined. *Ex parte Oyedo,* 939 S.W.2d at 786–87 (citing *Ex parte Renier,* 734 S.W.2d 349, 353 (Tex.Crim. App.1987)). However, the Court of Criminal Appeals found that it did not have original habeas corpus jurisdiction over Renier's application because he did not satisfy the "confinement" requirement of **article 11.07** of the Code of Criminal Procedure. *Ex parte Renier,* 734 S.W.2d at 353. We do not have original jurisdiction over an 11.09 habeas corpus application; rather, we exercise appellate jurisdiction over a trial court's ruling on such an application. *See Ex parte Hargett,* 819 S.W.2d 866, 868–69 (Tex.Crim.App.1991). Our jurisdiction over the cause is invoked by a timely filed notice of appeal. *Ex parte Gibbons,* 992 S.W.2d 707, 708 (Tex.App.— Waco 1999, pet. ref'd). Thus, we believe that the appropriate action here is to affirm the trial court's ruling.

For these reasons, the trial court's judgment is affirmed.

---

**1.** These subsections established enhanced punishments for repeat DWI convictions and for DWI offenses which resulted in serious bodily injury to another person.

**2.** When the Legislature rewrote the Penal Code in 1993 it changed the range of punishment for a first time offense to a maximum of 180 days in jail. Tex. Pen.Code Ann. §§ 12.22, 49.04 (Vernon 1994 & Supp.2000) (enacted by Act of May 29, 1993, 73rd Leg., R.S., Ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3602, 3697).