### Ex Parte Gustavo VILLALPANDO.

### No. 10–00–262–CR.

Court of Appeals of Texas, Waco.

Dec. 13, 2000.

Gustavo Villalpando, Beeville, pro se.

John C. Paschall, County and Dist. Atty. for Robertson County, Franklin, for appellee.

Before Chief Justice DAVIS, Justices VANCE and GRAY.

### MEMORANDUM OPINION

PER CURIAM.

Gustavo Villalpando filed a post-conviction application for a writ of habeas corpus seeking to set aside a 1990 misdemeanor

conviction for driving while intoxicated ("DWI") which the State is presently using to elevate a subsequent DWI to the level of a third degree felony. *See* TEX.PEN. CODE ANN. § 49.09(b) (Vernon Supp.2001). Villalpando expressly filed the habeas application under article 11.09 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC.ANN. art. 11.09 (Vernon 1977). After the court denied the application "on its merits," Villalpando appealed.

Villalpando is not presently "confined" under the 1990 conviction. Because he is not presently "confined" on the misdemeanor charge which he seeks to set aside, he cannot show himself entitled to an article 11.09 writ of habeas corpus.[1] *See Ex parte Bone*, 25 S.W.3d 728, 729–30 (Tex. App.—Waco 2000, no pet.); *see also Ex Parte Oyedo*, 939 S.W.2d 785, 786 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd). Therefore, the trial court properly denied his application.

We affirm the judgment. *See Bone*, 25 S.W.3d at 730.

---

1. The State can use a prior misdemeanor conviction in a subsequent proceeding to elevate the degree of an offense or to enhance the punishment for an offense. *See, e.g.,* TEX. PEN.CODE ANN. § 49.09 (Vernon Supp.2001); *Williams v. State*, 946 S.W.2d 886, 899 (Tex. App.—Waco 1997, no pet.) (elevation of degree); *see also* TEX.PEN.CODE ANN. § 12.43 (Vernon Supp.2001); *Childress v. State*, 784 S.W.2d 361, 365 (Tex.Crim.App.1990) (enhancement of punishment). The appropriate manner by which a defendant can assert a collateral challenge to such use of a prior misdemeanor conviction is by: (1) a post-conviction habeas application filed under article V, section 16 of the Texas Constitution in the court in which the prior conviction was obtained; *see Ex parte Hargett*, 819 S.W.2d 866, 867 & n. 6 (Tex.Crim.App.1991) (citing *Ex parte Crosley*, 548 S.W.2d 409, 410 (Tex. Crim.App.1977)); *see also Ex parte Manzella*, 443 S.W.2d 260, 260 (Tex.Crim.App.1969); or (2) an objection raised in the subsequent proceeding; *see Williams*, 946 S.W.2d at 899–900; *Garcia v. State*, 909 S.W.2d 563, 566 (Tex.App.—Corpus Christi 1995, pet. ref'd).