*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00908-CV

**IN THE MATTER OF J-M.W.D.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-JUV-02264
Honorable Carmen Kelsey, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed: September 9, 2009

AFFIRMED

The sole issue presented in this appeal is whether the trial court erred in denying J-M.W.D.'s request that his attorney be appointed as his guardian ad litem instead of his mother. We affirm the trial court's judgment.

### BACKGROUND

On November 3, 2006, J-M.W.D. was adjudicated as having engaged in delinquent conduct by possessing child pornography, specifically J-M.W.D. had taken pornographic pictures of his sister with his cell phone while she was asleep. J-M.W.D. was placed on probation in the care, custody, and control of the chief juvenile probation officer for a period of eighteen months.

On September 28, 2007, the State filed a motion to modify. The trial court found that J-M.W.D. violated the conditions of his probation. Although the probation department recommended commitment to TYC, the trial court modified the disposition by extending the term of J-M.W.D.'s probation to his eighteenth birthday.

On November 24, 2008, the State filed a second motion to modify. J-M.W.D. pled true to violating the conditions of his probation by viewing pornography on his home computer. J-M.W.D. had previously been placed at Brookhaven Residential Treatment Center from November of 2006 to June of 2007, and at Rockdale, a facility to treat sex offenders, from December of 2007 to June of 2008. The trial court modified J-M.W.D.'s disposition and committed him to the Texas Youth Commission ("TYC").

## DISCUSSION

At the beginning of the hearing on the State's second motion to modify, J-M.W.D. stated, "I don't want my mom in here. Is it okay if Mr. Held be [sic] my guardian ad litem?"

Because J-M.W.D's mother was present, the trial court was not required to appoint a guardian ad litem. *See* TEX. FAM. CODE ANN. § 51.11(a) (Vernon 2008). The trial court did, however, have the discretion to appoint a guardian ad litem if it appeared that J-M.W.D.'s mother was incapable or unwilling to make decisions in J-M.W.D.'s best interest. *See* TEX. FAM. CODE ANN. § 51.11 (b) (Vernon 2008); *see also In re P.S.G.*, 942 S.W.2d 227, 229 (Tex. App.—Beaumont 1997, no writ). Mr. Held, J-M.W.D.'s attorney, is statutorily authorized to also serve as his guardian ad litem. *See* TEX. FAM. CODE ANN. § 51.11(c) (Vernon 2008).

In discussing the request with J-M.W.D., the trial judge was informed that J-M.W.D. was upset with his mother because she did not visit him in detention or attend any of his detention

hearings. The trial judge stated that even if she appointed Mr. Held as the guardian ad litem, J-M.W.D.'s mother had the right to be present in the courtroom. The trial judge noted that she was not familiar with J-M.W.D.'s case as she had not presided over his initial adjudication or the first motion to modify. Given the limited information that she had been provided, the trial judge denied J-M.W.D.'s request.

J-M.W.D. contends his mother's testimony at his disposition hearing demonstrated that she was incapable or unwilling to represent his best interests. J-M.W.D.'s mother, however, was initially responding to the trial court's questions regarding the factual history of the case. Mr. Held did not dispute the factual information that was provided, and most of the information was already contained in the pre-disposition report that the trial court was reviewing. Although J-M.W.D.'s mother may have supported the trial court's decision to commit J-M.W.D. to the TYC, there is nothing in the record suggesting that she was not capable or willing to make decisions in J-M.W.D.'s best interest. Moreover, in committing J-M.W.D. to TYC, the trial court agreed that such placement was in J-M.W.D.'s best interest. *See In re L.A.P.*, No. 04-07-00143-CV, 2008 WL 312704, at *4 (Tex. App.—San Antonio Feb. 6, 2008, no pet.) (mem. op.).

In *In re P.S.G.*, a similar issue was raised regarding whether P.S.G.'s mother was capable and willing to make decisions in P.S.G.'s best interest. 942 S.W.2d at 229. P.S.G. asserted that his mother's duty to make decisions in his best interest conflicted with her duty to represent the victim of his alleged sexual assault, who was his sister. *Id*. The court concluded, "The circumstances in which this family was embroiled, difficult as they may have been for [P.S.G.'s mother], do not cause us to assume without inquiry that she could not render friendly support and guidance in these proceedings." *Id*.; *see also In re P.A.C.*, 562 S.W.2d 913, 917 (Tex. Civ. App.—Amarillo 1978, no

writ) (introduction of father's affidavit that tended to implicate appellant as a participant in a crime did not require court to conclude that father was unwilling to make decisions in appellant's best interest).

Even if we were to conclude that the trial court abused its discretion in failing to appoint Mr. Held as guardian ad litem, we would not find reversible error unless the failure to appoint Mr. Held "probably caused the rendition of an improper judgment." TEX. R. APP. P. 44.1(a)(1); *In re D.V.*, 955 S.W.2d 379, 380 (Tex. App.—San Antonio 1997, no pet.). The record reflects that Mr. Held was present and rendered friendly support and guidance, essentially serving in the capacity of guardian ad litem even without the appointment. *See Flynn v. State*, 707 S.W.2d 87, 89 (Tex. Crim. App. 1986). Accordingly, "the spirit, if not the letter of the statute was met," and any error would have been harmless. *Id*.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice