Petition for Writ of Habeas
Corpus Dismissed for Lack of Jurisdiction and Memorandum Opinion filed June 16,
2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00490-CR

____________

 

IN RE WOLFGANG ERBSTOESSER, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

COUNTY CRIMINAL COURT AT LAW NO. 5

HARRIS COUNTY, TEXAS

TRIAL COURT NO. 1743033

 

 

 



M E M O R
A N D U M   O P I N I O N

            On June 6, 2011, relator, Wolfgang
Erbstoesser, filed a petition for writ of habeas corpus.  See Tex. Gov’t
Code Ann. § 22.221(d) (West 2004);
see also Tex. R. App. P. 52.  Relator is confined pending two
misdemeanor charges and complains the trial court violated his right to due
process by setting a higher bail amount without adequate notice and proper
service.  Relator requests we issue a writ of habeas corpus reinstating his
original bond and ordering his release.

Article 11.09 of the Texas Code of Criminal Procedure
provides:

If a person is confined on a
charge of misdemeanor, he may apply to the county judge of the county in which
the misdemeanor is charged to have been committed, or if there be no county
judge in said county, then to the county judge whose residence is nearest to
the courthouse of the county in which the applicant is held in custody.

 

Tex. Code Crim. Proc. Ann. art. 11.09 (West 2005).  The courts of appeals
“do not have original jurisdiction over an 11.09 habeas corpus application;
rather, we exercise appellate jurisdiction over a trial court’s ruling on such
an application.”  Ex parte Bone, 25 S.W.3d 728, 730 (Tex. App. – Waco
2000, orig. proceeding).  The original habeas jurisdiction of the courts of
appeals is limited to those cases in which a person’s liberty is restrained
because the person has violated an order, judgment, or decree entered in a
civil case.  Tex. Gov't Code Ann. § 22.221(d) (West 2004).  Therefore, courts
of appeals do not have original habeas corpus jurisdiction in criminal law
matters.  See id.  See
also Watson v. State, 96 S.W.3d 497, 500 (Tex.App.-Amarillo 2002, pet.
ref'd) (under Tex. Gov’t Code Ann. § 22.221(d), a court of appeals does not
have original habeas corpus jurisdiction in a criminal case).  

Accordingly, relator’s petition is dismissed for want of
jurisdiction.  Relator’s motion for bail pending resolution of this petition is
denied.

 








                                                                        PER
CURIAM

Panel consists of Justices
Anderson, Brown, and Christopher.

Do Not Publish C Tex. R. App. P. 47.2(b).