

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00426-CR

EX PARTE RANGIE SHAMA
BENJAMIN

----------

### FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant Rangie Shama Benjamin appeals the trial court's denial of his post-conviction application for writ of habeas corpus.[2] We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Code Crim. Proc. Ann. art 11.09 (West 2005); *Ex parte Bone*, 25 S.W.3d 728, 730 (Tex. App.—Waco 2000, no pet.) ("We do not have original jurisdiction over an 11.09 habeas corpus application; rather, we exercise appellate jurisdiction over a trial court's ruling on such an application.").

## Background Facts

Appellant is a conditional resident of the United States and a native and citizen of Dominica. In September 2012, Appellant was charged with felony aggravated assault family violence, which was later reduced to misdemeanor assault family violence. *See* Tex. Penal Code Ann. § 22.01(a)(1) (West Supp. 2013) (stating that it is a misdemeanor to "intentionally, knowingly, or recklessly cause[] bodily injury to another, including the person's spouse"). On October 22, 2012, Appellant accepted a plea agreement, pleaded nolo contendere to the misdemeanor charge, and waived his right to a jury trial. Appellant signed a form that contained general statutory admonishments, including the admonishment that warned him that "a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion of admission to this country, or denial of naturalization under federal law." The trial court sentenced Appellant to sixty days' confinement in the county jail. In January 2013, Appellant was ordered to be removed from the United States to Dominica. *See* 8 U.S.C.A. § 1227(a)(2)(E)(i) (West 2005) ("Any alien who at any time after admission is convicted of a crime of domestic violence . . . is deportable.").

In July 2013, Appellant filed an application for writ of habeas corpus, seeking to set aside the plea agreement and vacate the judgment and arguing that his court-appointed counsel failed to advise him that his acceptance of the plea bargain would make him eligible for deportation and removal from the United States. He claimed that he would not have entered into the plea

2

agreement had he known that he would be subject to expedited removal proceedings by his plea and that his right to effective counsel was violated. *See* U.S. Const. amend. VI.

The State answered and attached the affidavit of Appellant's trial counsel, Michael "Mick" Meyer. Meyer stated that on October 22, 2012, he "went over all ramifications concerning [Appellant's] actions, specifically with regard to immigration issues." The trial court denied Appellant's application on August 19, 2013, stating that it found "that the Affidavit of Mick Meyer is credible and that Applicant's claims are not credible." Appellant filed a reply to the State's answer on August 30, 2013 and a "Motion for Reconsideration of the Court Order Denying Petitioner Writ of Habeas Corpus" on September 3, 2013. Appellant filed this appeal.

## Standard of Review

We generally review a trial court's decision on an application for habeas corpus under an abuse of discretion standard of review. *See Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We consider the evidence presented in the light most favorable to the habeas court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert denied*, 549 U.S. 1052, (2006). This deferential review applies even when the trial court's findings

3

are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). We afford almost total deference to a trial court's findings in habeas proceedings, particularly when those findings are based upon an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006).

## Discussion

To establish ineffective assistance of counsel, Appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial. *Strickland*, 466

4

U.S. at 687, 104 S. Ct. at 2064.  In other words, Appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694, 104 S. Ct. at 2068.  The applicant must show that "he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).  "[He] must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485 (2010).

As to evidence supporting the second *Strickland* prong, all that was before the trial court was Appellant's and his trial counsel's affidavits.  In his affidavit, Appellant stated,

> Had my attorney advised me that my plea agreement would [have] caused me to be deported, that information would have been relevant and essential to my decision whether or not to enter a plea of nolo contendere.  I would not have considered that information a secondary or collateral consideration to my decision whether to enter the plea, but rather the essence of my decision.

> If I would have known that my admission of guilt along with the terms of the plea agreement would have caused removal proceedings, my decision[]making in regards to the charged information would have been substantially different.

Appellant did not testify to his innocence or to any evidence of a defense, nor did he argue any circumstances that would have made rejecting the plea agreement a rational choice.[3]  *See Ex parte Murillo*, 389 S.W.3d 922, 931–32 (Tex. App.—

---

[3]Even if we consider Appellant's reply, filed after the trial court's order denying the petition, the only further statement that Appellant makes in the

5

Houston [14th Dist.] 2013, no pet.) ("Aside from applicant's own self-serving statement that he would have insisted his counsel take his case to trial had he known he would be deported, he presented no other evidence corroborating his position that it would have been rational to reject a plea deal under the circumstances.").

The police report stated that Appellant held a large barbeque fork near his wife's neck and threatened to kill her because she looked through his phone and found text messages to another woman. He struck her in the mouth with his knee. She then escaped to a nearby parking lot where she called the police. Police officers saw Appellant's wife's "swollen upper lip." The report also stated that Appellant had a previous arrest for family violence. Appellant was originally charged with a felony, but his charge was reduced to a Class A misdemeanor over a month before the plea agreement. *See* Tex. Penal Code Ann. § 22.01(b). It was Appellant's burden to prove that he was prejudiced by his counsel's alleged deficient performance. In light of the evidence, the trial court could have disbelieved Appellant's statements and reasonably concluded that it would not have been rational under the circumstances for Appellant to reject the plea bargain and go to trial. *See Ex parte Ali*, 368 S.W.3d 827, 840–41 (Tex. App.—Austin 2012, pet. ref'd) (noting that the trial court is not required to believe factual

---

attached affidavit is, "Had Mr. Meyer advised me about the immigration consequences as a result of my plea, I would have gone to trial and not have accepted the plea offer."

statements in an affidavit and that the appellate court must defer to the trial court's credibility determination).

Appellant argues that the trial court erred by refusing to hold an evidentiary hearing on Appellant's petition. It was within the trial court's discretion to hold a hearing. *See* Tex. Code Crim. Proc. Ann. art. 11.09; *Balderas v. State*, No. 01-06-00472-CR, 2007 WL 1299799, at *3 & n.7 (Tex. App.—Houston [1st Dist.] May 3, 2007, no pet.) (mem. op.) ("Article 11.09 of the Texas Code of Criminal Procedure, which specifically applies to persons seeking habeas relief who are confined on misdemeanor charges, does not require a trial court to conduct a live evidentiary hearing and afford a party the opportunity to present live testimony on an application filed under the article."); *Ex parte Fisher*, No. 03-04-00786-CR, 2005 WL 3076937, at *3 (Tex. App.—Austin Nov. 17, 2005, no pet.) (mem. op., not designated for publication) ("[T]he court was entitled to determine from its face whether the application could be resolved without a hearing."). Although Appellant argues that he presented evidence regarding the ineffective assistance prong of *Strickland*, he failed to present any evidence on, or even address, the prejudice prong of *Strickland*. The trial court could have determined that a hearing would not be necessary because Appellant had not attempted to meet the second *Strickland* prong. We therefore affirm the trial court's denial of Appellant's post-conviction application for writ of habeas corpus.

7

                                          LEE GABRIEL
                                          JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 27, 2013

8