**AFFIRMED and Opinion Filed February 25, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00909-CR

### EX PARTE QUINCY BLAKELY

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX18-90017-M**

## MEMORANDUM OPINION
Before Chief Justice Burns and Justices Myers and Carlyle
Opinion by Chief Justice Burns

Quincy Blakely appeals the trial's order denying relief on his pro se pretrial application for writ of habeas corpus. In twenty points of error, appellant contends various aspects of his arrest and subsequent legal proceedings were flawed and violated his constitutional rights; the indictment against him is defective; the State failed to contest his writ application; and the prosecution is barred by collateral estoppel. The State contends the Court lacks jurisdiction to consider appellant's appeal because the trial court did not consider and resolve the merits of appellant's claims. Alternatively, the State contends some of appellant's claims are not cognizable on appeal, others are moot, and appellant did not present a sufficient record to show he is entitled to relief. We affirm the trial court's order.

### BACKGROUND

The State indicted appellant for assault on a public servant. Appellant filed a pretrial application for writ of habeas corpus alleging he was arrested without a warrant or probable cause,

the state statutes allowing a police officer to arrest a suspect without a warrant under certain circumstances are unconstitutional, errors occurred in his arraignment and examining trial, collateral estoppel bars the charge, he denied the existence of a grand jury proceeding to indict him, and the indictment contains various defects and does not provide him with proper notice of the charges.

On May 14, 2018, during a pretrial hearing in the assault case, appellant brought up the writ application in the following exchange:

[Appellant]: I requested that you rule on the writ of habeas corpus.

[Trial Court]: And that is based on?

[Appellant]: The writ of habeas corpus?

[Trial Court]: Yes. I am asking what is your position.

[Appellant]: I don't have an oral. I placed all my response in the writ.

[Trial Court]: Response from the State.

[Prosecutor]: Your Honor, there have been quite a few filings that have been similar. If the defendant is referring to this officer not having proper authority to make an arrest and such exhibits that he had filed, and the State's position is that the arrest was proper. The indictment was done proper. And the charge is proper.

[Trial Court]: The motion is denied.

Subsequently, the trial court entered a written order stating: "On May 14, 2018, the Court considered the Defendant's Application for Pre-trial Writ of Habeas Corpus filed on February 27, 2018. After reviewing the Application on file and the arguments of parties on May 14, 2018, it is ORDERED that the Defendant's Application for Pre-trial Writ of Habeas Corpus is hereby: . . . DENIED." Appellant appeals the trial court's ruling.

**MOTION TO DISMISS AND CROSS-POINT**

The State has filed a motion to dismiss and has briefed a cross-point urging the appeal be dismissed. The State contends the Court lacks jurisdiction because the record shows the trial court refused to issue the writ and never actually considered the merits of appellant's claims. The State contends appellant's writ application requested the writ be issued, but it did not request any further relief on his many claims. The State interprets the brief hearing on the writ as showing the trial court was unaware of appellant's claims, and appellant offered no evidence or argument to support them. Because the trial court did not consider and resolve appellant's substantive claims, the State concludes this Court should dismiss the appeal for want of jurisdiction.

After receiving a writ application from an applicant confined on a felony charge, the trial court must appoint a time when the trial court will "examine the cause of the applicant, and issue the writ returnable at that time." *See* TEX. CODE CRIM. PROC. ANN. art. 11.08, 11.10. "The writ of habeas corpus shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever." *See* TEX. CODE CRIM. PROC. ANN. art. 11.15.

In the case of a pretrial habeas application, an applicant may not appeal when the trial court refuses to issue the writ and does not consider and resolve the merits of the writ application. *See Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *Ex parte Okere*, 56 S.W.3d 846, 850 (Tex. App.—Fort Worth 2001, pet. ref'd); *Ex parte Gonzalez*, 12 S.W.3d 913, 914 (Tex. App.—Austin 2000, pet. ref'd), *superseded in part by statute as discussed in Villanueva v. State*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008). Conversely, a trial court order ruling on the merits of the habeas application is appealable even if the trial court refused to issue the writ or refused to conduct a hearing. *See Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Villanueva v. State*, 252 S.W.3d

–3–

391, 397 (Tex. Crim. App. 2008); *Purchase*, 176 S.W.3d at 407. We consider the entire record in determining whether the trial court decided the merits thus rendering the order appealable. *See Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd).

In *Bowers*, the Court dismissed the appeal because nothing in the order reflected that the trial court considered the merits of the writ application. *See id.* In *Purchase*, the appellate court dismissed the appeal because its examination of the record showed the trial court denied the writ "without hearing evidence or argument regarding appellant's claims, and without expressing an opinion on the merits of those claims." *Purchase*, 176 S.W.3d at 407.

In this case, the trial court did not simply deny the writ or indicate that it would not issue the writ. Instead, it asked appellant for his "position" and then gave the State the opportunity to respond. The State did not urge the trial court to refuse to issue the writ, but instead addressed the merits of appellant's application. The trial court's order does not indicate the trial court refused to issue the writ, but rather indicates the trial court was denying the writ application. We agree with the State that appellant, appearing pro se, did not request full relief; however, we must be mindful of our obligation in reviewing a writ application to do substantial justice to the parties. *See* TEX. R. APP. P. 31.2. It appears from the record before us that the trial court reviewed the writ application on the merits, however briefly, and therefore the Court has jurisdiction to entertain appellant's appeal. *See Purchase*, 176 S.W.3d at 407; *see also Ex parte Lewis*, No. 14-16-00629-CR, 2017 WL 6559647, at *2 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, pet. ref'd) (mem. op.) (not designated for publication)[1] (dismissing appeal when record did not show trial court heard evidence or argument addressing applicant's habeas claims). We deny the State's motion to dismiss the appeal and overrule the State's cross-point.

---

[1] Unpublished opinions of the courts of appeals have no precedential value but may be cited. *See* TEX. R. APP. P. 47.7(a).

**STANDARD OF REVIEW**

Applicants for habeas relief must prove their claims by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Id.*; *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd). This deferential review applies even if the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). The trial court, as fact finder at the writ hearing, is the exclusive judge of witness credibility. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We afford almost total deference to a trial court's factual findings when those findings are based upon credibility and demeanor and are supported by the record. *See id*. We also defer to the trial court's findings on mixed questions of law and fact if resolution of those questions turns on an evaluation of credibility and demeanor. *Ex parte De La Cruz*, 466 S.W.3d 855, 866 (Tex. Crim. App. 2015). We review *de novo* questions of law and mixed questions of law and fact that do not turn on an evaluation of witnesses' credibility and demeanor. *Id*.

**ANALYSIS**

Appellant presents a list of twenty "points of error" for the Court to consider. The body of appellant's argument, however, consists of a long narrative that somewhat tracks his twenty points of error without referring to them or assigning any portion of the argument to any particular point of error. The failure to provide any specific argument would result in waiver of all twenty of appellant's points of error on appeal. *See* TEX. R. APP. P. 38.1(f), (i); *see also Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (inadequate briefing waives issue for appeal). In the interest of justice, however, the Court will consider appellant's argument where it can be

identified as addressing specific points of error. We note that the State's brief ignores appellant's points of error and briefing entirely and responds to the issues appellant raised in his pretrial writ application.

Appellant further states that the twenty appellate issues he identifies in his statement of issues presented are not exclusive and that other issues may be raised elsewhere in his brief. Appellants are given wide latitude to present the issues the courts of appeal are required to review. *See Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017). Consequently, appellate courts are not obliged to construct and compose issues, facts, and arguments for appellants. *Id*. The Court will not scour appellant's brief to identify additional issues. The Court will only consider those issues raised within appellant's list of twenty points of error and a few other arguments that appear clearly intended to be issues for appeal. *See* TEX. R. APP. P. 38.1(f).

Appellant attaches fifty-one exhibits to his brief. Exhibits not included in the appellate record will not be considered on appeal. *See Rasberry v. State*, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976); *Viscaino v. State*, 513 S.W.3d 802, 814 (Tex. App.—El Paso 2017, no pet.).

*Waiver*

Turning to appellant's list of twenty points of error, we note that points one through five, seven, eight, and eleven were not raised in appellant's pretrial writ application. "In reviewing an order denying habeas relief, an intermediate court of appeals only reviews issues that were properly raised in the habeas petition and addressed by the trial court." *Ex parte Perez*, 536 S.W.3d 877, 880 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *see also In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, no pet.) (court of appeals does not have original habeas corpus jurisdiction in criminal matters); *Ex parte Bone*, 25 S.W.3d 728, 730 (Tex. App.—Waco 2000, no pet.) (court of appeals lacks original jurisdiction over criminal habeas applications but exercises appellate jurisdiction over trial court rulings on criminal habeas applications). Because appellant

did not raise points one through five, seven, eight, and eleven in the trial court habeas proceeding below, we may not consider them on appeal. We dismiss points one through five, seven, eight, and eleven.

We further note that appellant raises several arguments in his brief that do not fall squarely within any of the twenty points he presents. First, in a section entitled "Jurisdiction Challenge," appellant alleges there is no entity known as "the State of Texas" and the Frank Crowley Courts Building is actually a bank. Second, in a section entitled "Sixth Amendment Violation," appellant contends the court where he was arraigned is a private business rather than a court and he was denied counsel during arraignment. Third, in a section entitled "Challenge To Attorney Representing The State," appellant contends the prosecutor, as an employee of Dallas County, was not authorized to represent the State in the proceedings against him. Fourth, in a section entitled "Self-Defense," appellant contends he had a right to defend himself against the arresting officer's unlawful arrest. These four issues were not raised before the trial court and, therefore, will not be considered on appeal. *See Perez*, 536 S.W.3d at 880.

*Non-Cognizable Points of Error*

In addition to those points of error waived because appellant raised them for the first time on appeal, some of appellant's points of error raise issues that the Court should not address as part of a pretrial habeas appeal. Whether an issue is cognizable on pretrial habeas is a threshold inquiry the Court should undertake before considering the merits of the claim. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2001). Appellate courts must ensure that only matters proper for review at a pretrial stage are raised and reviewed by pretrial writ. *See Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005).

A pretrial writ of habeas corpus, followed by an interlocutory appeal, is an extraordinary remedy reserved for use when interlocutory review would better serve to protect the applicant's

–7–

substantive rights or better conserve judicial resources. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). Generally, pretrial habeas is available only if resolving the issue results in the applicant's immediate release. *See id.* Pretrial habeas is unavailable when the development of a trial record would aid in resolving the applicant's claims. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). Neither trial courts nor appellate courts should entertain a pretrial writ application when the complaint has an adequate remedy on appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).

In points of error six, nine, ten, thirteen, and fourteen, appellant contends he was unlawfully arrested without a warrant or probable cause. These points should be brought in a motion to suppress and reviewed, if necessary, on direct appeal. *See Roberts v. State*, 545 S.W.2d 157, 158–59 (Tex. Crim. App. 1977); *Ex parte Conner*, 439 S.W.2d 350, 350 (Tex. Crim. App. 1969); *see also Perry*, 483 S.W.3d at 895 (challenge to denial of motion to suppress not cognizable on pretrial habeas); *Ex parte Blakely*, No. 02-17-00393-CR, 2018 WL 1191875, at *2 (Tex. App.—Fort Worth Mar. 8, 2018, pet. ref'd) (mem. op.) (not designated for publication) (rejecting as improper for pretrial habeas appellant's similar contentions of unlawful arrest without a warrant or probable cause). Because these issues are not cognizable on a pretrial habeas writ, we dismiss them.

In his twelfth point of error, appellant contends his constitutional and due process rights were violated because he was arraigned before a "part-time temporary employee" rather than an appointed magistrate. He questions the presiding magistrate's credentials because records he obtained show Dallas County describes her as a part-time professional support employee rather than as a magistrate. He contends her appointment is invalid because she took the oath of office before an official not authorized to administer oaths and there are various other problems with the paperwork related to her employment.

"The purpose of arraignment is to determine the identity and the plea of the person charged." *Richardson v. State*, 508 S.W.2d 380, 381 (Tex. Crim. App. 1974). Appellant raises no issue regarding misidentification or the entry of his plea. Appellant cites no authority that would provide for his immediate release due to errors in his arraignment. Nothing in the record shows appellant objected to the magistrate presiding over his arraignment. Under the circumstances presented, we conclude appellant's challenge to the qualifications of the magistrate to preside over his arraignment is not a proper subject for pretrial habeas relief. *See Perry*, 483 S.W.3d at 895; *see also Blakely*, 2018 WL 1191875, at*1–2 (concluding complaint about magistrate's qualifications do not warrant pretrial habeas relief). We dismiss point of error twelve.

In points of error seventeen and twenty, appellant contends the indictment is defective because it does not allege acts constituting recklessness and it does not allege properly the name of the victim. Pretrial habeas may not be used to test the sufficiency of the indictment. *Weise*, 55 S.W.3d at 620. Instead, appellant may challenge the indictment through a motion to set aside or quash the indictment which is reviewable on direct appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 27.03; *see also Ex parte Walsh*, 530 S.W.3d 774, 782 (Tex. App.—Fort Worth 2017, no pet.) (holding habeas applicant's claims regarding defects in indictment not cognizable for pretrial habeas relief). We dismiss points of error seventeen and twenty.

*Cognizable Issues*

In his fifteenth point of error, appellant contends he should have been discharged from bail because the trial court did not enter a written order committing him to jail within forty-eight hours of the magistrate's finding of probable cause to proceed with prosecution. In his argument, appellant further challenges the credentials of the magistrate who presided over his examining trial in that her appointment predates the service of most of the current sitting judges. He contends the language used in her appointment qualifies her to work "in" a fictitious entity called the

"magistrate court" rather than appointing her to be a magistrate for Dallas County. He further denies the existence of the Frank Crowley Courts Building where the examining trial was held.

Article 16.17 of the code of criminal procedure provides:

After the examining trial has been had, the judge shall make an order committing the defendant to the jail of the proper county, discharging him or admitting him to bail, as the law and facts of the case may require. Failure of the judge to make or enter an order within 48 hours after the examining trial has been completed operates as a finding of no probable cause and the accused shall be discharged.

TEX. CODE CRIM. PROC. ANN. art. 16.17.

To prove his contention about the lack of a timely commitment order, appellant attached to his writ application "Exhibit O" which consists of a half page of transcript purportedly taken from the record of the examining trial and what purports to be the results of an internet search appellant conducted on the trial court's electronic docket for his case. The search result pages appellant printed purport to show that no order was entered during the time period when appellant alleges the examining trial occurred. On the record presented, we cannot conclude appellant has carried his burden to show that an order was not entered. *See Kniatt*, 206 S.W.3d 664 (appellant bears the burden of proof by a preponderance of the evidence).

Moreover, even if appellant's allegation is correct, the purpose of the "forty-eight hour" rule is to ensure that a magistrate does not defer ruling on an order of commitment until an indictment renders the decision moot. *Flynn v. State*, 667 S.W.2d 235, 239 (Tex. App.—El Paso 1984), *aff'd*, 707 S.W.2d 87 (Tex. Crim. App. 1986). When the examining court makes a finding of probable cause but neglects to enter a written order, the actual finding of probable cause prevails over the statutory constructive finding of "no probable cause" arising from the failure to enter a written order. *Id*.

In this case, appellant concedes in his writ application that the presiding magistrate "made a probable cause determination to proceed with prosecution for case number F1518020 . . . ."

Furthermore, the grand jury's return of an indictment against appellant establishes probable cause as a matter of law rendering moot any issue regarding the finding of probable cause at the examining trial. *See Ex parte Preston*, 533 S.W.2d 820, 821 (Tex. Crim. App. 1976). We conclude appellant has not shown the trial court abused its discretion in not discharging him for an alleged violation of article 16.17.

Regarding appellant's contentions about the magistrate's credentials, as we have already discussed in connection with appellant's twelfth point of error, appellant has not shown his complaints, even if valid, fall within the narrow scope of issues amenable to pretrial habeas relief. *See Perry*, 483 S.W.3d at 895; *see also Blakely*, 2018 WL 1191875, at*1–2. We overrule appellant's fifteen point of error.

In his sixteenth point of error, appellant questions whether grand jury proceedings are required to be on record and whether the record must be preserved. In his writ application, appellant narrated how he had filed an open records request for a copy of the grand jury's concurrence vote to indict him. Because he did not receive any records, appellant speculates that the grand jury did not hear exculpatory evidence or did not meet at all to consider his case.

The grand jury's proceedings are confidential and exempt from disclosure under the Open Records Act. *See Harrison v. Vance*, 34 S.W.3d 660, 663 (Tex. App.—Dallas 2000, no pet.). Appellant's theories, backed by no evidence, are pure speculation. Moreover, to the extent appellant seeks to complain about irregularities in the grand jury's proceedings, the proper avenue for relief is to file a motion to set aside the indictment or an exception to the indictment in the trial court. *See* TEX. CODE CRIM. PROC. ANN. arts. 27.03(1), 27.09 (2–3). It may be proper to challenge the composition and workings of a grand jury through pretrial habeas when the grand jury is constituted in such a manner as to render its organization void and it is still in session returning indictments. *See Ex parte Becker*, 459 S.W.2d 442, 443 (Tex. Crim. App. 1970). Given, however,

–11–

that statutes guide a defendant to complain about grand jury proceedings though pretrial motion and there is no argument or evidence showing a void grand jury is continuing to issue indictments, we conclude appellant has not shown an entitlement to pretrial habeas relief regarding the grand jury's proceedings in his case. *See Becker*, 459 S.W.2d at 443; *Paxton*, 493 S.W.3d 292 at 297–301 (discussing cognizability of grand jury challenges in habeas proceedings); *see also Ex parte Baker*, No. 14-96-01056-CR, 1997 WL 184342, at *1–2 (Tex. App.—Houston [14th Dist.] Apr. 17, 1997) (not designated for publication) (denying pretrial habeas relief on applicant's claims of improper indictment by grand jury on ground claim could be adequately addressed on direct appeal if she was convicted). We overrule appellant's sixteenth point of error.

In his eighteenth point of error, appellant contends he should prevail on his pretrial writ and his case should not proceed to trial because the State failed to respond to his writ application with objections, argument, or evidence. As we have discussed above, the State did present a brief and successful argument to the trial court explaining why the State believed appellant's pretrial writ application lacked merit. Moreover, even without any opposing argument or evidence from the State, appellant bore the burden of proof to show by a preponderance of the evidence that he was entitled to relief. *See Kniatt*, 206 S.W.3d at 664. We cannot conclude on the record presented that appellant carried his burden of proof, and the trial court abused its discretion in denying relief, solely because the State did not offer a more extensive response to appellant's writ application. *See id.*; *Paxton*, 493 S.W.3d at 297. We overrule appellant's eighteenth point of error.

In his nineteenth point of error, appellant contends collateral estoppel and double jeopardy preclude his prosecution for assault on a public servant because the State dropped two other charges arising from the same occurrence.[2] The record shows appellant was arraigned on three

---

[2] In the argument section of his brief, appellant raises a second "double jeopardy" contention, arguing that the failure of the trial court to enter an order within forty-eight hours discharges him. This argument was not raised in the trial court and is thus waived. *See Perez*, 536 S.W.3d at 880. Moreover, for the reasons we have already discussed in connection with point of error fifteen, appellant's contention lacks merit even if he had preserved it for appeal.

charges: (1) assault on a public servant; (2) unlawful carrying of a handgun by a license holder; and (3) resisting arrest, search, or transport. Subsequently, the State indicted appellant only for assault on a public servant. Appellant contends the assault charge arose from the unlawful carrying and resisting arrest charges in that the police officer complainant's alleged injury occurred while the officer was attempting to arrest appellant on the two dropped charges. Appellant contends the State's determination to drop the unlawful carrying and resisting arrest charges precludes re-litigating the facts of those offenses which are essential to proving the charged assault case.

Double jeopardy bars (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013). The doctrine of collateral estoppel arises from the constitutional bar against double jeopardy. *Ex parte Watkins*, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002). Collateral estoppel "bars any retrial of specific and discrete facts that have been fully and fairly adjudicated." *Id.*; *see also Ashe v. Swenson*, 397 U.S. 436, 443 (1970) (explaining doctrine of collateral estoppel as "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."). To apply collateral estoppel, the court "must first determine whether the jury determined a specific fact, and if so, how broad—in terms of time, space and content—was the scope of its finding." *Watkins*, 73 S.W.3d at 268.

In this case, because appellant has not been tried previously for any offense arising from the incident at issue and is being tried only for one offense, he is not being subjected to double jeopardy under either a "successive prosecutions" or "multiple punishments" theory. *See Denton*, 399 S.W.3d at 545. Likewise, collateral estoppel does not apply to appellant's case because the issues of ultimate fact regarding whether appellant resisted arrest or was unlawfully carrying a handgun were not adjudicated at a trial, and thus there is no fact finding by a jury that can be

–13–

subject to the doctrine of collateral estoppel. *See Watkins*, 73 S.W.3d at 268. Because double jeopardy and collateral estoppel do not apply to appellant's case, we overrule appellant's nineteenth point of error.

## CONCLUSION

Having dismissed or overruled all of appellant's points of error, the Court concludes appellant has failed to show the trial court abused its discretion in denying relief on his writ application. *See Kniatt*, 206 S.W.3d at 664; *Paxton*, 493 S.W.3d at 297.

We affirm the trial court's order denying relief on appellant's pretrial application for writ of habeas corpus.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180909F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE QUINCY BLAKELY

No. 05-18-00909-CR

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. WX18-90017-M.
Opinion delivered by Chief Justice Burns. Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's pretrial application for writ of habeas corpus is **AFFIRMED**.

Judgment entered February 25, 2019.